Ronn v. The City of Des Moines.

## RONN v. THE CITY OF DES MOINES.

1. **Personal Injury**: EVIDENCE: LIFE TABLES. Tables showing the plaintiff's expectancy of life may properly be allowed in evidence, in an action for a personal injury, where there is evidence tending to show that the injury is permanent in some of its results.

2. **Cities and Towns**: DEFECTIVE SIDEWALK: NOTICE: EVIDENCE. Where the evidence, in an action for an injury caused by a defective sidewalk, tended to show that the defect, though it was such as might easily escape the notice of a casual observer, had existed for four weeks or more prior to the injury; that it was known to numerous persons who used the walk; and that it could be seen at a distance of ten or fifteen feet, *held* that it was sufficient to submit to the jury on the question whether the defendant city had such notice of the defect as to make it liable.

3. ———: ———: LOCATION OF: EVIDENCE. In such case, a witness, who helped plaintiff up after her fall, testified as to a defective plank at the place where she was lying when found. There was no serious controversy as to that place, nor as to the location of the defective plank, and there was but one defect in the part of the walk to which the evidence was directed. *Held* that the testimony was not prejudicial to defendant, as not identifying the particular defect which caused the injury.

4. **Instructions**: TO BE CONSIDERED TOGETHER: REPETITION. Where the charge to the jury, taken as a whole, is fair and not misleading, criticisms of separate portions are of no avail on appeal. Neither are objections to the refusal of instructions asked, where the substance of them, so far as correct, is embodied in the charge of the court.

*Appeal from Polk District Court.*—HON JOSIAH GIVEN, Judge.

FILED, JUNE 3, 1889.

ACTION to recover damages for personal injuries, caused by a defective sidewalk. There was a trial by jury, and a verdict and judgment in favor of plaintiff. The defendant appeals.

*Detrick & McMartin* and *Hugh Brennan*, for appellant.

*O. C. Peterson*, for appellee.

ROBINSON, J.—On the twenty-fourth day of May, 1886, the plaintiff fell on a sidewalk in Des Moines, and sustained serious injuries. She claims that her fall and the resulting injuries were caused by a defect in the sidewalk, for which defendant is responsible.

I. Appellant complains of the introduction in evidence of tables to show plaintiff's expectation of life at the time of her injury, on the alleged ground that her injuries were not shown to be permanent. As to that, there was a conflict in the evidence. The physician who has treated the plaintiff since her injuries were received testified that she received an internal injury, from which she will probably never recover; that a part of that was chronic enlargement of the uterus, which was permanent, and would give rise to nervous trouble. In our opinion, there was sufficient evidence to authorize the admission of the life tables.

<span style="font-variant: small-caps">1. Personal injury: evidence: life tables.</span>

II. The sidewalk in question was made of pine planks, six inches wide, two inches thick and six feet long, laid across three stringers. One of the planks was cracked, or partially broken. When the broken part was stepped upon, it would give way, but would return to its usual position, a little below the general level of the walk, when the pressure was removed. Ordinarily, it might escape the notice of a casual observer. Appellant insists that its condition was not such as to make defendant chargeable with notice of it. The evidence tends to show that the defect had existed four weeks or more before plaintiff was injured; that it was known to numerous people who used the walk, and could be seen at a distance of ten or fifteen feet. There was sufficient evidence of want of due care, on the part of defendant, in repairing the defect, to require the jury to determine whether or not it was liable on account of it.

<span style="font-variant: small-caps">2. Cities and towns: defective sidewalk: notice: evidence.</span>

III. Complaint is made that some of the witnesses did not sufficiently identify the particular defect in the

3. ——: ——: location of: evidence.     walk which caused plaintiff to fall. The one of whom most complaint is made helped plaintiff up after her fall, and testified as to a defective plank at the place where she was lying when found. There was no serious controversy as to that place, nor as to the location of the defective plank. The case of *Hoyt v. City of Des Moines*, 66 Iowa, 430, is not in point. No prejudice could have resulted from the evidence of which complaint is made. There was but one defect in the part of the walk to which the evidence was directed.

IV. Portions of the charge to the jury are criticised by appellant. Taken as a whole, we think the charge was 4. INSTRUCTIONS: to be considered together: repetition.     fair to defendant, and not misleading. The instructions asked by appellant, so far as correct, were, in substance, given in the charge of the court. We discover no error in refusing them, nor in any other ruling of which complaint is. made. The judgment of the district court is

AFFIRMED.