Barr v. The City of Kansas.

BARR *et al.* v. THE CITY OF KANSAS, *Appellant.*

DIVISION ONE.

1. **City**: DEFECTIVE STREET: NEGLIGENCE. Where city officers have actual knowledge of the displacement of a cover over a street sewer, and fail to securely cover it within a reasonable time before injury to a person falling into it, the city will be liable for the injuries.

2. ——— : ——— : ———. If the hole was open and visible for a sufficient length of time before the accident to have enabled the officers, by the exercise of ordinary care, to discover its condition, and they did not, they were guilty of negligence.

3. ——— : ——— : ——— : NOTICE. Where the fall of the cover was the natural result of defects in its original construction by the city, it was chargeable with notice from the beginning, and was under a continuing duty to repair it.

4. ——— : ——— : ——— : INSTRUCTION. The court instructed the jury, in an action for injuries caused by falling in a sewer-hole, that, if plaintiff had no reason to suppose that the street was unsafe, the jury could not find her guilty of contributory negligence, from the fact alone that she was running when she fell into the hole, or because her attention was attracted to some other object, so that she did not notice where she was stepping. *Held* that the instruction was misleading, because liable to cause the jury to leave out of consideration some of the facts bearing on the issue of contributory negligence.

5. **Negligence**: QUESTION OF FACT. Whether a person, in running in a public street in one direction, while looking in another, is guilty of negligence, is a question for the jury, and is to be determined from a consideration of said acts, in connection with all the attendant circumstances.

Barr v. The City of Kansas.

6.  ——— : KNOWLEDGE OF DEFECT.  Mere knowledge of the existence
    of a hole in a street will not defeat a recovery on the part of one
    injured by falling therein.

7.  Personal Injuries : DAMAGES : INSTRUCTION.  Where, in a suit
    for personal injuries, the petition does not demand damages for
    expense of medical attention, or for loss of time, and no evidence
    in relation thereto is introduced, and plaintiff's instructions prop-
    erly state the measure of damages, it is not error to refuse an
    instruction, asked by defendant, that there can be no recovery for
    such damages for medical attention or loss of time.

8.  ——— : DEFECTIVE STREET : EVIDENCE.  In a suit against a city for
    an injury resulting from a defect in a street, the size of the city
    and the extent and number of its streets are not relevant on the
    question of its negligence.

*Appeal from Jackson Circuit Court.* — Hon. T. A.
GILL, Judge.

REVERSED AND REMANDED.

*R. L. Yeager* for appellant.

(1) The court erred in giving and refusing instruc-
tions. (2) The damages assessed are excessive. There
were no circumstances shown indicating wantonness,
recklessness or conscious negligence that could be made
the basis for aggravated, exemplary or punitive dam-
ages. *Parsons v. Railroad*, 94 Mo. 286 ; see, also, *Ste-
phens v. Railroad*, 96 Mo. 207.

*Warner, Dean & Hagerman* for respondents.

(1) The court did not err in giving plaintiff's first
instruction. *Russell v. Columbia*, 74 Mo. 480 ; *Yokum
v. Trenton*, 20 Mo. App. 489 ; *Bonnie v. Richmond*, 75
Mo. 437 ; *City v. Small*, 86 Ind. 469 ; *Jennings v. Van
Scharck*, 108 N. Y. 530. (2) The court did not err in
refusing to give defendant's instructions, numbered
2, 3, 8. (3) The damages were not excessive. The
cases cited by appellant have no bearing on the case at
bar.

BRACE, J.—Action for personal injuries, in which plaintiff recovered a judgment in the Jackson circuit court against the City of Kansas for $10,000, from which defendant appeals.

The material averments of the petition are as follows: That, on the third day of July, 1887, and long prior thereto, Campbell street, between Sixth and Eighth streets, in said city, had been open for travel and generally used by the public as a street ; that, under said Campbell street, at a point about opposite to where the alley between Seventh and Eighth streets intersects said Campbell street, there was a sewer previously built, and then, and for a long time prior thereto, maintained by said defendant.

That, at a point on said Campbell street over said sewer, and near the intersection of said alley and said Campbell street, and on the west side of said Campbell street, the said defendant, in constructing said sewer, left an opening for access to said sewer, and the defendant had provided a covering or grating for said opening, which was designed and intended, if it had been suitably constructed, and of suitable dimensions and sufficiently fastened, to cover said opening, so as to permit travel of all kinds over the same, as upon any other part of said street.

The defendant, in providing said covering to said opening in said sewer, negligently failed to provide a covering of sufficient dimensions, and the cover which the said defendant provided was about one and one-fourth inches too short, and about three-fourths of an inch too narrow, to properly fill said opening. The defendant provided bearings for said cover to rest on on each side of said opening, but negligently and carelessly failed to provide bearings at the ends of said opening.

That, by reason of the negligence of the defendant in providing an insufficient covering for said opening,

and insufficient bearings on which the same should rest, the cover provided by defendant fell down and into said sewer, and left the said sewer open. That the open place so left in said sewer was about three feet and one inch in length and one foot and four inches in width; that, after the said cover fell into said sewer, the said sewer was, through the negligence and carelessness. of defendant, left open on July 30, 1887, and for many days next preceding that day, and after the defendant knew, or, by the exercise of ordinary care, might have known, that the same was open, dangerous and unsafe, and liable to cause injury to those passing along and over said street.

That defendant carelessly and negligently left said opening unguarded, and negligently failed to give any signal or warning to those passing .along or over said street of the opening in said sewer, and of the danger from said open sewer; that, on or about the thirtieth day of July, 1887, plaintiff, Carrie A. Barr, was passing along said Campbell street, and, while in the exercise of ordinary care upon her part, stepped into said opening and fell into said sewer, and was greatly wounded, bruised and injured; the petition then sets out particularly the injuries she received, alleges damage by reason thereof in the sum of $20,000, for which plaintiffs ask judgment.

The answer was a general denial and a plea of contributory negligence.

It was shown by the plaintiff, by evidence which was uncontradicted, that the construction of the covering of the man-hole, into which plaintiff fell, and its support was defective as charged in the petition, and that, by reason thereof, a hack passing over it about seven o'clock on Sunday evening, July 24, caused the covering to be displaced, and fall to the bottom of the hole; that the hole, which was about seven feet deep, remained uncovered, with the cover lying at the bottom

thereof, from that time until the morning of the thirtieth of July, when plaintiff fell into it.

Campbell street is a public traveled street, running north and south, with sidewalks on each side; this hole was in that street, about two feet from the west sidewalk, in plain view, and within the line of an alley, that crossed it running east and west. Mrs. Barr lived in the house next to the house on the southwest corner of said street and alley, both houses fronting on the street.

It appears from the evidence, that between six and seven o'clock, on the morning of the thirtieth of July, Mrs. Barr, for the purpose of employing the service of a negro woman, who lived on the alley east of Campbell street, went out of the rear of her house into the yard, thence into the alley, thence east on the alley to the street, crossed the street, and, having gone to the woman's house in the alley and transacted the business she had with her, was returning hastily across the street to her home, when she fell into the hole, and received the serious injuries of which she complains.

In crossing Campbell street the first time Mrs. Barr must have passed within a few feet of the open hole, and there is some evidence tending to prove that, upon another occasion, she was near enough to have seen the hole open. She testifies, however, positively that she never knew of the hole until she fell in it. There was evidence, also, tending to show that she was running across the street when she fell, and that just before, and at the time she fell, she was looking south towards Eighth street, her attention being attracted in that direction by seeing a person whom she supposed to be her servant girl.

The assignments of error urged here for reversal of the judgment are that the court erred in giving instructions 1 and 2, on behalf of the plaintiff, and in refusing to give instructions, numbered 2, 3 and 8, on behalf of the defendant.

I. Instruction, numbered 1, for plaintiff, is as follows: "Under the law, the City of Kansas, defendant herein, is charged with the duty of maintaining its streets and alleys in a reasonably safe condition, so that those having occasion to use them may do so in safety. It was the duty of the defendant to keep Campbell street in a reasonably safe condition at the point covered by the hole in question, by providing a reasonably safe and sufficient covering for said hole and by keeping the said hole covered. If the defendant failed to provide a covering for said hole reasonably safe and sufficient, in consequence of which the covering fell into the hole, leaving the same uncovered and unprotected, then such an act on the part of the city was negligence. [ Or, if the defendant suffered the said hole to remain without cover after knowing the same was open, or when by the exercise of ordinary care the defendant might have known that said hole was open, then such act of the defendant was negligence. ] And, if you shall believe from all the evidence in this case that the plaintiff, while in the exercise of ordinary care, fell into the hole on Campbell street, while attempting to cross said street, by reason of the negligence of the defendant, as in this instruction defined, and that by reason of such fall plaintiff sustained the injuries complained of, then your finding must be for the plaintiff."

The only objection urged to this instruction is to the clause within brackets. The criticism upon this clause is that, "in this instruction the attention of the jury is directed exclusively to the question whether the city, by the exercise of ordinary care, might have discovered the defect; the further question, whether it would have had sufficient time thereafter to repair the defect, is left entirely out of consideration." This is hardly a fair criticism of this clause of the instruction, when read in connection with its context, since negligence is therein predicated, not alone upon notice,

actual or constructive, but upon the additional fact to be found that the defendant, after such notice until plaintiff fell into it, *suffered* the hole to remain uncovered ; the power to remedy the defect before the accident is necessarily implied from the terms used, as a condition of negligence. But, if the instruction was not as explicit as it might have been in this particular, the court, at the instance of the defendant, made it as explicit as the defendant desired it to be, by giving the following instruction, the only one asked by it on the subject. "12. You are instructed that you must find for the defendant, unless you believe from the evidence that the defendant had actual knowledge of the displacement of the covering of the drop, and the condition of said drop, and a reasonable time thereafter to repair the same, or put guards thereabout for protection, before the alleged injury to the plaintiff; or that the displacement of said cover must have been of such an obvious and notorious character, and must have existed for such length of time that the defendant would by the exercise of ordinary care and diligence have known the same."

This instruction is not inconsistent with· the one given for the plaintiff, and together they present the law very fairly to the jury in regard to the alleged negligence of the defendant. If the city officers had actual knowledge of the displacement of the cover and failed to securely recover it within a reasonable time before the accident, they were guilty of negligence. If the hole was open and patent for such a length of time before the accident as that the city officials by the exercise of ordinary care and diligence could have discovered it, and they did not, they were guilty of negligence. Wharton on Negligence, sec. 963 ; 2 Dillon, Mun. Corp., sec. 1025 ; *City of Chicago v. Major*, 18 Ill. 349 ; *Ronn v. City of Des Moines*, 78 Iowa, 63 ; *Bonine v. City of Richmond*, 75 Mo. 437 ; Thompson on Trials, sec. 1706 ;

*Maus v. City of Springfield*, 101 Mo. 613. The question of time for repair, upon the undisputed facts, cuts no important figure in the case. The hole could have been securely recovered within the hour of the discovery of its condition; besides the displacement was not the result of an accident or the wrongful act of another, but the natural consequence of defects in its original construction by the city, of which it was charged with notice from the beginning, and which it was under a continuing duty to repair. *Klein v. City of Dallas*, 8 S. W. Rep. (Tex.) 91, *Montgomery v. City of Des Moines*, 7 N. W. Rep. (Iowa) 421; Dillon on Mun. Corp., sec. 1024; *Buck v. City of Biddeford*, 19 Atl. Rep. (Me.) 912; *Russell v. Columbia*, 74 Mo. 480.

II. Instruction, numbered 2, given for the plaintiff is as follows: "The plaintiff, Mrs. Barr, was only required to exercise ordinary care in passing over Campbell street; and ordinary care is such care as a person of ordinary prudence would have exercised under similar circumstances; and she had the right in crossing the street to assume that the same was in safe condition, unless she knew or had reason to suppose that it was unsafe; and if she did not know or had no reason to suppose that the street was unsafe by reason of the hole in question, then the jury cannot find her guilty of contributory negligence alone from the fact that she was running when she fell into the hole, or that her attention was attracted to some other object so that she did not notice where she was stepping."

The crucial question of fact in the case was whether the plaintiff was guilty of contributory negligence, a question that could be fairly determined by the jury only in the light of all the facts and circumstances immediately preceding and attending the injury. This instruction selects out of those facts two of the most important, directly points the attention of the jury to them, and tells them that neither of these acts of the plaintiff alone is sufficient to warrant them in finding

her guilty of contributory negligence, leaving in the back ground and out of sight all the other facts in the case by which these facts might have been qualified and characterized as prudent or imprudent under the actual circumstances of the case. The instruction was well calculated to mislead the jury. They ought not to have been so directed as that they could feel at liberty to consider that any particular fact bearing upon the issue was eliminated from the case, and that they were free to determine it upon what remained. In determining the question of the plaintiff's negligence all the facts and circumstances in evidence bearing upon that issue are to be considered and passed upon, not separately and independently, but in their entirety and in their combination with and relation to each other as shown, and it is the peculiar province of the jury, when thus viewing, to measure them by a standard of prudence and care derived from their own experience of what an ordinarily prudent and careful person would or should have done under the circumstances; and the court cannot select out of those facts some one or more of them and affix to it, or them, an independent value without distorting the comprehensive view the jury should take of the case as a whole.

Whether a person by running in the public streets in one direction, while looking in another, is guilty of negligence is a question of fact for the jury, that can be determined in any given case only by considering the two acts in combination with each other, and in connection with all the other attendant facts and circumstances, and it was the province of the jury to weigh and pass upon those acts viewed in such combination and connection, and not alone, or as separate and independent facts. The court in this case, without giving any instruction advising the jury that these acts are to be so viewed and considered, practically deprived the acts themselves of much, if not all, their proper force and significance in the mind of the jury, in the absence of such

advice, by telling them that neither of those acts alone will warrant them in finding the plaintiff guilty of negligence. Upon the same principle the court might have gone on and taken up each fact in the case, and at the end having found that each fact in itself was naught as evidence to charge the plaintiff with negligence, and having so told the jury, without further advice, it would not be a matter of surprise that having been told that each fact was naught they should find that the sum of the facts was naught, and that there was no negligence, when if the facts had been considered in their proper bearing and relation to each other a case of gross negligence might have been made out.

The difference between the instruction supposed and the one in hand is one of degree only, and not of principle ; it is a vicious mode of instruction, trenches upon the province of the jury to weigh all the evidence, without bias or comment from the court, and we find no other instruction given in this case curing the one under consideration.

The vice of specially calling the attention of the jury to isolated facts or otherwise giving prominence to a view of the case favorable to one side, while measurably retiring the view of the other side by ignoring it, or presenting it only in general terms, has been frequently condemned by this court. *Sawyer v. Railroad,* 37 Mo. 263, *loc. cit.; Anderson v. Kincheloe,* 30 Mo. 525; *Fine v. Public Schools,* 39 Mo. 67 ; *Rose v. Spies,* 44 Mo. 23 ; *Jones v. Jones,* 57 Mo. 142 ; *Raysdon v. Trumbo,* 52 Mo. 38; *Chappell v. Allen,* 38 Mo. 213.

III. By instruction, numbered 4, given for the plaintiff, the jury were properly instructed as to the measure of damages, and there was no error in refusing defendant's instruction, numbered 2, in which the jury were told that in this action the plaintiffs could not recover for expenses incurred for medical treatment, or for loss of the wife's time. The petition did not seek to charge the defendant for damages on account of

either of these items, nor was there any evidence introduced upon the subject. Instructions should be confined to the issues made by the pleadings, and be based only on the evidence in the case. *Brown v. Railroad*, 101 Mo. 484; *Bender v. Dungan*, 99 Mo. 126; *Waddingham v. Hulett*, 92 Mo. 528; *Duke v. Railroad*, 99 Mo. 347.

IV. The third refused instruction asked by the defendant is as follows: "If you believe from the evidence that the plaintiff knew of the displacement of the cover of the alley drop, or might have known of the same by the exercise of ordinary care and prudence, and that she ran across the street and fell into said alley drop, then your verdict must be for defendant, regardless of any injury she may have thereby received."

If this instruction had been given it might have to some extent mitigated the vice of the second instruction given for the plaintiff, but the refusal of the court to give it precludes an inquiry into a consideration of its merit in connection with that instruction. Considered as an independent proposition this refused instruction cannot be approved, since, as applied to the facts, it would defeat a recovery upon the sole ground that the plaintiff had notice of the displacement of the cover; for there is no question that she ran across the street and fell into the hole. But mere notice of the existence of the condition of the uncovered hole would not of itself be sufficient to defeat a recovery. *Buesching v. Gaslight Co.*, 73 Mo. 220; *Russell v. Columbia, supra; City of Columbus v. Strassner*, 25 N. E. Rep. (Ind.) 65; *Maus v. Springfield, supra.*

It may be said in this connection that while this instruction, as well as the others, refused to defendant on the question of contributory negligence, each has objectionable features, yet, if they had been given in connection with plaintiffs' instruction, numbered 2, that question would have been much more fairly presented to the jury than it was.

V. By the eighth of defendant's instructions, which the court refused, the jury was directed in determining the question of defendant's negligence to take into consideration whether the City of Kansas is one of large territory and numerous streets and thoroughfares, or is a city of small and limited territory with a small number of streets and avenues. There was no error in refusing this instruction. It shed no light on the issues, and there was no evidence upon which to base it, nor is it seen how the size of a city or the extent of its territory and thoroughfares could in any way affect the degree of care which every city, whether great or small, is required to exercise over its streets so as to keep them in a reasonable state of safety for those who have occasion to pass over them, whether they be few or many. *City of Lincoln v. Smith*, 45 N. W. Rep. (Neb.) 41; *Lindsay v. City of Des Moines*, 27 N. W. Rep. (Iowa) 283.

As this case will have to be reversed and remanded for new trial for the error of the court in giving plaintiff's second instruction without proper limitations or qualifications, it will be unnecessary to notice the last point of counsel for defendant, that the damages are excessive ; that may, or may not, become a subject of future inquiry after a new trial in which defendant's plea of contributory negligence shall have been properly presented to, and passed upon by, a jury.

The judgment is reversed, and the cause remanded for new trial. All concur.