ELIZA CASON v. THE CITY OF OTTUMWA, Appellant.

**Negligence:** HIGHWAYS: *Municipal corporations.* A city is chargeable with knowledge of the existence of the use of an unfastened billboard weighing one hundred and forty pounds, at the entrance of an opera-house near the sidewalk, and of the danger of its being blown over by a wind, where it has been so used for four or five months.

NOTICE. Evidence as to the places where a billboard, by the blowing over of which plaintiff was injured, had been kept at different times, is admissable in an action against the city, to show how such board was used and that it had been used for such time before the accident that the city was chargeable with notice of its use.

VERDICT: *Evidence.* A verdict that a city was negligent in allowing a billboard to stand on the sidewalk is sustained by evidence that it was 4x8 feet in size, and weighed one hundred and forty pounds; that, when not in actual use in front of the building, it was so placed that the top rested against the side wall, while the bottom rested a few inches from it on the sidewalk; that it was not fastened in any way; and that it had been so used and kept for such a length of time that the city was chargeable with knowledge of it.

**Contributory Negligence:** *Highways.* One is not as a matter of law, guilty of contributory negligence in passing an unfastened billboard, weighing one hundred and forty pounds, without thinking of and guarding against the danger from it, on a day on which a strong wind is blowing; it not being clearly shown that there was anything unusual in the strength of the wind which blew the billboard over upon plaintiff.

**Evidence:** CONCLUSIONS. A question requiring a witness to state whether a billboard, by the blowing over of which plaintiff was injured, was, in any sense, in the way of people walking along the sidewalk, is properly excluded as calling for the opinion of the witness.

**Jurors:** MUNICIPAL CORPORATIONS. A tax payer of a city has such an interest in the result of an action brought against the city for personal injuries as disqualifies him to act as a juror.

**Amendment in Trial:** PLEADING: *Practice.* A trial amendment to the petition in an action for personal injuries, which does not change the claim originally made, except to allege some effects of the accident, which had not been originally stated, and to show that some were more serious than they were at first claimed to be, will not be stricken out on motion made two days after the amendment is filed, and after evidence in support of the amendment has been introduced.

**Appeal:** STRIKING AMENDMENT TO ABSTRACT. An amendment to the abstract, setting out matter to cure formal defects in the original abstract, will not be stricken out on the ground that it was filed without leave, and after the cause had been fully argued by the appellee, where the submission of the cause on the merits was not delayed thereby.

ARGUMENTS: *Objections.* In civil cases, objections not discussed in argument, will not be considered.

*Appeal from Wapello District Court.* — HON. W. I. BABB, Judge.

WEDNESDAY, MAY 12, 1897.

ACTION at law against the city of Ottumwa and the Ottumwa Opera-House Company to recover for personal injuries alleged to have been caused by their negligence. There was a trial by jury, and a verdict and judgment for the plaintiff. The defendant the city of Ottumwa, appeals.—*Affirmed.*

*W. W. Epps* for appellant.

*J. J. Smith* and *W. H. C. Jaques* for appellee.

ROBINSON, J.—In the year 1892, the defendant, the Ottumwa Opera-House Company, owned and controlled an opera-house in the city of Ottumwa. The front of the house was on Main street, and one side was next to Jefferson street. For the purpose of advertising entertainments which were given in the house from time to time, billboards were provided, one of which was 4x8 feet in size. When in use, that was usually placed at the main street entrance, but at other times was kept on the Jefferson street side, where it was so placed that the top rested against the building, while the bottom rested a few inches from it on the sidewalk. The board was not fastened in any manner. In the morning of the thirty-first day of March of the year mentioned, and when the billboard was in the position last described, the plaintiff was passing northward on Jefferson street; and, when on the walk near the billboard, it was blown upon her by the wind with such force as to prostrate and render her insensible, and inflict serious injuries upon her. She alleges that the opera-house company was negligent in placing the billboard where it was, and that the city was negligent in permitting it to be placed and kept there, and that her injuries were due to the negligence stated. The city denies that it was negligent, and pleads contributory negligence on the part of the plaintiff.

I.    The appellee has filed a motion to strike from the files an amendment to the abstract, on the ground that it was filed without leave, and after the cause had been fully argued by the appellee. The amendment sets out matter to cure formal defects in the original abstract, and did not delay the submission of the cause on its merits. The motion will therefore be overruled.

II.   The appellant complains of the refusal of the court to strike certain portions of an amendment to the petition, and urges that the amendment was not filed until the second day of the trial, and that the portions objected to were a departure from the claim made in the original petition, which surprised the appellant, and which it was not able to meet.   The abstract does not show when the trial was commenced, but it appears that the amendment had been on file two days when the motion to strike was filed, and two days before the evidence for the plaintiff was closed.   Hence it seems the appellant did not attack the amendment until after the evidence to support it had been submitted.   The amendment did not change the claim originally made by the plaintiff, excepting to allege some effects of the accident which had not been originally stated, and to show that some were more serious than they were first claimed to be.   The district court rightly overruled the motion to strike, because the amendment was in all respects proper, and also because of the appellant's delay in filing his motion to strike.

III.   The court sustained challenges to certain jurors, on the ground that they were residents and taxpayers of the city of Ottumwa.   The appellant insists that the court erred in so doing, for the reason that the jurors showed that they had no prejudice or bias which would affect their verdict, and that the fact that they were taxpayers of the defendant city would not influence them.   But, as taxpayers, they had an interest in the result of the litigation, which disqualified them to act as jurors, and the challenges were properly sustained.   *Kendall v. City of Albia*, 73 Iowa, 243 (34 N. W. Rep. 833); *McGinty v. City of Keokuk*, 66 Iowa, 725 (24 N. W. Rep. 506).

IV. A witness was asked with respect to the places where the billboard was kept at different times, and how long she had seen it used in the manner described. The question was proper, as tending to show how the billboard was used, and that it had been used in the manner stated for such a length of time before the accident that the city must be presumed to have had knowledge of its use before that time. Another witness was asked the following: "The board was in no sense in the way of people walking along the sidewalk?" An objection to the question was properly sustained. It called for an opinion of the witness concerning a question of fact, which, so far as material, the jury was required to decide from the evidence submitted.

V. The appellant claims that the court erred in refusing to give twelve instructions, which were asked. Nothing in the nature of an argument is made in support of the claim, excepting as to the instruction numbered 2, and the substance of that was incorporated in the charge given. It is not our practice to consider in civil cases objections not discussed in argument, and the instructions refused will not be further noticed.

VI. The remaining question, and the one of chief importance, is, did the evidence authorize a verdict against the city? After the plaintiff had introduced her evidence in chief, the city asked the court to direct a verdict in its favor, for the alleged reason that there was not sufficient evidence to warrant a verdict against it, and, after the verdict was rendered, asked for a new trial, on the same ground. The jury found specially, that the billboard weighed one hundred and forty pounds; that it was hurled against the plaintiff by a wind of not more than ordinary force; that the placing of the board at the side of the opera-house was

negligence; that for four or five months it had been usually kept at the entrance of the opera-house on Main street, or at the Jefferson street side; that officers of the city, who were charged with the supervision of the sidewalks and streets of the city, knew of the location and condition of the board on the day of the accident; that the city was negligent in permitting the board to be placed where it was at the time of the accident; and that the plaintiff was not negligent. It was not shown that any officer of the city charged with the duty of keeping the sidewalks in a safe condition had any actual knowledge of the condition and use of the billboard before the accident occurred. A policeman, whose beat was near the opera-house, knew of the board, but it does not appear that he had any duty to perform respecting it. However, it was the duty of the city to keep its sidewalks in a reasonably safe condition. In *Bliven v. City of Sioux City*, 85 Iowa, 351 (52 N. W. Rep. 246), it was said that this duty extends not merely to the surface of the walk, but "to those things within its control which endanger the safety of those using the walk properly." That case involved an injury caused by the fall of a billboard which stood near a sidewalk, and this court said, in effect, that it was the duty of the city to have ·prevented its fall. The evidence shows that the billboard in question was used and kept in a negligent manner, which might have been observed by all who were near it, and that it had been so used and kept for such a length of time that the city was chargeable with knowledge of it. *Hazard v. City of Council Bluffs*, 87 Iowa, 52 (53 N. W. Rep. 1083); *Ronn v. City of Des Moines*, 78 Iowa, 64 (42 N. W. Rep. 582); *Cramer v. City of Burlington*, 39 Iowa, 513; *Doulon v. City of Clinton*, 33 Iowa, 397.

Although the plaintiff could have seen the board, yet she was not necessarily negligent in passing it

without thinking of and guarding against the danger from it. Much testimony was given to show that a strong wind was blowing at the time of the accident, and that the board was blown against the plaintiff by a violent and unusual gust of wind. It seems clear that later in the same day, and during the next one, there was much wind which blew with unusual force, and that some damage to buildings and trees was done by it. It is not so clear, however, that there was anything unusual in the wind which caused the accident, and the jury was authorized to find that there was not. The evidence does not show, beyond question, negligence on the part of the city, but is sufficient to sustain the verdict of the jury. We do not find any ground for disturbing the judgment of the district court, and it is AFFIRMED.