MRS. ANNA E. PADELFORD, Appellee, v. CITY OF EAGLE GROVE, Appellant.

**Negligence of City: NOTICE: *Evidence*.** Where, in an action for injuries on a city street, the alleged defect was a hole in the walk obvious on a mere inspection, an instruction that if, at the time the city street commissioner inspected the walk, the alleged hole existed, and that with the exercise of reasonable care he ought to have discovered and repaired it, but failed to do so, the city would be negligent, was proper.

SIDEWALKS: *Duty of city.* In an action for injuries by reason of a defect in a sidewalk, an instruction that the city should exercise reasonable care to keep its sidewalks in condition to afford safe passage for all persons carefully using the same was proper.

Instructions: REPETITION. Where, in an action for injuries on a city street, the charge fully explained the element of notice of defect, an instruction of the degree of care required of the city was not erroneous because of omitting the subject of notice.

CONSTRUCTION. Where, in an action for injuries on a city street, the charge stated that the city did not warrant the safety of persons using its streets, and was not bound to furnish sidewalks absolutely free from all defects, an objection that the charge made the city an insurer against all accidents was untenable.

REVIEW ON APPEAL: *Rule made by requested instruction.* Where a city, in an action for injuries by a defective street, requested an instruction which imposed a greater degree of care than an instruction given, it could not object on appeal to the instruction given.

Pleading: NOTICE OF DEFECTIVE STREET: *Arrest of judgment.* Where a petition in an action for injuries caused by a defective city street alleged that the defect had existed for a number of months continuously prior to the injury, and recited facts from which notice to the city would be inferred, in addition to claiming negligence in the original construction of the walk, the petition was not objectionable, as against a motion in arrest of judgment, for failure to contain an express averment of notice.

*Appeal from Wright District Court.*—HON. S. M. WEAVER, Judge.

TUESDAY, OCTOBER, 21, 1902.

ACTION at law to recover damages for personal injuries received by plaintiff while passing along and over a street in the defendant city. Trial to a jury, verdict and judgment for plaintiff, and defendant appeals.—*Affirmed.*

*Eugene Bryan* and *Nagle & Nagle* for appellant.

*L. F. Lincoln, Wesley Martin,* and *Botsford, Healy & Healy* for appellee.

DEEMER, J.—The petition alleged that Montgomery street, on which plaintiff was injured, is one of the principal streets in defendant city; that during the month of August, 1899, and for a number of months continuously prior thereto, defendant negligently allowed a dangerous place to exist in the sidewalk on said street; "that at the place last aforesaid there existed on the second day of August, A. D. 1899, a deep space beneath the sidewalk, which was negligently left unfilled by the said defendant; that immediately over said space one of the boards or planks of said sidewalk was negligently allowed by said city to become unfastened, and the whole or a portion thereof removed, leaving the said space uncovered for the distance of several feet lengthwise, and in width about one foot; that at the point where the space was uncovered rank weeds had been negligently allowed to grow by said city, thereby concealing the said uncovered space; that said weeds were allowed to grow through the said space and at the sides of the walk, and were allowed to overlap the same, thereby concealing the said open space;" "that the said sidewalk at the place aforesaid has ever since its construction been, and was at the time hereinbefore mentioned, in an unsafe and dangerous condition by reason of the negligent construction of the said sidewalk, and that the dangerous condition of the said walk was increased and augmented by negligent failure of the said city to keep the same in repair; that said walk was not originally constructed in accordance with the ordinance of defendant city; that the defendant failed to keep the planks upon said walk nailed down to the stringers beneath the walk in proper condition to receive and hold the nails required to keep said planks in place, and that the nails were allowed to become rotten through rust and age and insufficient to hold said plank; that there were an insufficient number of stringers beneath the said walk; that the

planks and stringers composing the walk were rotten and insecure at the place aforesaid."

This much of the petition is set out to meet the first claim made by the defendant, that the trial court was in error in not sustaining its motion in arrest of judgment based on the ground that it (the petition) does not allege notice, either actual or constructive, to the city of the alleged defect. True, there is no express allegation of notice, but the facts recited are such as that notice will be inferred from lapse of time and the character and location of the street. Fault in the original construction of the walk is also alleged, and in addition it is charged that defendant was negligent in allowing the dangerous place to exist. This latter allegation involves notice, or at least such want of care on the part of the city as to render it liable, and, in the absence of a motion for a more specific statement, is not vulnerable to a demurrer or subject to a motion in arrest. The negligence of the city may consist in its not acquiring notice of defects in its walks. There was no error in overruling the motion in arrest. *Rice v. City of Des Moines*, 40 Iowa, 638; *Carson v. City of Ottumwa*, 102 Iowa, 99; *Hazard v. City of Council Bluffs*, 87 Iowa, 51; *Ronn v. City of Des Moines*, 78 Iowa, 64; *Hodges v. City of Waterloo*, 109 Iowa, 446; *McLachlan v. Incorporated Town of Gray*, 105 Iowa, 259; *Schoening v. Schwenk*, 112 Iowa, 733.

II.   Defendant asked the following instruction, which was refused: "If you find from the evidence that during the year of 1899 the defendant city had an officer—a street commissioner—whose duty it was to inspect and examine the sidewalks and crosswalks of the city, and to see they were repaired when needed, and that said street commissioner, in pursuance of his said duty, on the 26th day of July, 1899, personally examined the crosswalk in question, and that he did not find a broken plank therein, or a plank from which a piece had been broken off or a hole therein,

and that he saw nothing either in the appearance or condition of the said crosswalk to indicate that it was unsafe or defective, or that it needed repairing, and that in making such examination he exercised reasonable care and caution, then the defendant city is not liable, and you should so find by your verdict." In lieu thereof the court gave the following: "If you find from the evidence that a short time before the alleged accident to plaintiff the defendant's street commissioner examined the crossing in question, and found it in reasonably safe and sound condition, and that the alleged accident occurred before, in the exercise of reasonable care, another inspection should have been made, then the city cannot be held liable for damages in this case. If, however, you find that at the time the commissioner inspected the crossing (if he did inspect it) the alleged break or hole then existed in the plank, and that, with the exercise of reasonable care on his part, he ought to have discovered and repaired it, but failed so to do, the city will be held negligent in respect thereto; and if the plaintiff thereafter, and without fault on her own part, was injured by reason of such defective walk, she will be entitled to your verdict." Failure to give the one requested, and the giving of the one quoted, are relied upon as error. The alleged defect was a hole in the walk,—a defect that was obvious on mere inspection, and to the discovery of which no special skill was required. Under such circumstances, negligence of the street commissioner would be imputed to the city, and it cannot escape liability by showing that it exercised due care in the selection of such officer. Moreover, defendant asked an instruction which imposed even a greater degree of care on its part than the one given, and it is in no position to complain. *Renner v. Thornburg*, 111 Iowa, 515; *De Wulf v. Dix*, 110 Iowa, 553.

III. Complaint is made because the court in one instruction failed to state that the jury should find defendant

had notice of the alleged defect before it could find for plaintiff. The complaint is without merit. The instruction imposed on plaintiff the duty of showing that defendant was negligent, and in other parts of the charge the element of notice was fully and correctly stated, and its bearing explained. That the charge is to be considered as a whole is so elementary that no citation of authorities is needed in support of this rule.

IV. It is said that the charge makes the city an insurer against all accidents. Surely, counsel are not serious in this contention, for the instructions state in so many words that the city "does not warrant the safety of the persons using its streets, nor is it bound to furnish sidewalks which are absolutely free from all defects." There was no error in stating in the fourth instruction, that "the city should exercise reasonable care to keep its sidewalks in condition to afford safe passage for all persons carefully using the same."

V. The instruction with reference to the measure of damages is complained of. That it states the correct rule of law is conceded, but it is said there was no evidence to justify the court in submitting plaintiff's "deformed and crippled condition" to the jury. We find ample evidence to justify the giving of the instruction. It is also contended that the verdict is the result of passion and prejudice. In this we do not agree with counsel.

There is sufficient evidence to support the verdict, and, finding no error, the judgment is AFFIRMED.