D. S. WEAVER, Respondent, v. I. L. RUDASILL,
Appellant.

St. Louis Court of Appeals.   Argued and Submitted February 3, 1913.
Opinion Filed March 1, 1913.

1. INSTRUCTIONS: Commentary on Evidence: Sales: Breach of
Warranty. In an action for breach of warranty of a horse, an
an instruction that *even though the jury should find that plaintiff,
after the trade in question, offered to sell the horse and repre-
sented it to be sound,* yet if they further found that it was not
sound at the time of the trade in question and that no obvious
defect was discovered by or known to plaintiff, etc., the verdict

172 Mo. App.—3

should be for plaintiff, was not objectionable as an undue com-
ment on the evidence, in the use of the italicized words; it
being proper to instruct that such representation would not be
binding on plaintiff if, at the time, he was not aware of the
horse's condition.

2. NEW TRIAL: Supplemental Motion: Filed Out of Time. A sup-
plemental motion for a new trial filed more than four days after
the trial cannot be considered.

3. ———: ———: Filed in Time. A supplemental motion for a
new trial filed within four days after the trial is open for con-
sideration.

4. TRIAL PRACTICE: Challenge of Juror: Waiver. Where de-
fendant did not challenge the array on the ground that plaintiff
was a member of the regular jury panel, it was too late for him,
after judgment for plaintiff, to raise that point as a ground for
a new trial.

5. ———: Conduct of Plaintiff. The conduct of a plaintiff in turn-
ing to the jury and addressing them as "You boys" is not such
as to require a reversal of a judgment for him.

'Appeal from Audrain Circuit Court.—*Hon. James D.
Barnett*, Judge.

AFFIRMED.

*Fry & Rodgers* for appellant.

Under the state of the evidence in this case the
fifth instruction given for respondent was error, very
prejudicial to the appellant, in that it was a direct
comment upon the evidence given by the respondent
and favorable to him. Weil v. Schwortz, 21 Mo. App.
372; Jones v. Jones, 57 Mo. 138; State v. Smith, 53 Mo.
267; State v. Sivils, 105 Mo. 530; Oil Well v. Wolfe,
127 Mo. 626; Hoffman v. Hoffman, 126 Mo. 493; Rail-
road v. Stock Yards, 120 Mo. 565; Barr v. City of
Kansas, 105 Mo. 557; State v. Reed, 137 Mo. 138;
Lucks v. Bank, 148 Mo. App. 381; James v. Insurance
Co., 135 Mo. App. 251; Gage v. Mears, 107 Mo. App.
147; Spohn v. Railroad, 87 Mo. 81; Chapel v. Allen,
38 Mo. 221; Bank v. Currie, 44 Mo. 91; Compton v.

Baker, 34 Mo. App. 140; Swink v. Huthony, 96 Mo. App. 426; Baker v. Com. Co., 61 Mo. App. 149.

*E. S. Gantt* for respondent.

It is always proper for the court to declare to the jury the legal effect of evidence. Stewart v. Sparkman, 75 Mo. App. 106; Nicholson v. Golden, 27 Mo. App. 154; Tyler v. Hall, 106 Mo. 323; Clark v. Cordry, 69 Mo. App. 15; Flemming v. Railroad, 89 Mo. App. 138; Gordon v. Burris, 153 Mo. 234; Bancher v. Gregory, 9 Mo. App. 105; Semple v. Crouch, 8 Mo. App. 593; Dunbar v. Briggs, 18 Neb. 94; 38 Cyclopedia of Law & Procedure, p. 1678.

REYNOLDS, P. J.—Plaintiff sold and delivered to defendant two mules, in exchange for a mare and his check for $170, delivered to plaintiff by defendant. It is averred in the petition and admitted by defendant that at the time the contract of sale or exchange was made, defendant warranted the mare to be sound in in every particular and that in reliance upon this warranty plaintiff was induced to purchase the mare in exchange for the mules and to hand over his check for the money. Averring that these representations and warranties as to the soundness were false, in that the mare was stiff and broken down in her hind parts and afflicted with stringhalt, these, it is alleged, being incurable diseases, in consequence whereof the mare was practically valueless and that she was so at the time she was delivered to plaintiff by defendant, and averring that plaintiff had offered to rescind and had tendered defendant the mare and the check and had demanded and requested the return to him of the mules, and that defendant had refused to return the mules or to accept the mare and the check, and averring that the value of the mules was $395, and charging that defendant had converted them to his own use, plaintiff

charges that he has been damaged in that sum, for which, with interest and costs, he demands judgment.

In the answer, admitting the trade and the terms as set out, and that at the time of making the trade, he warranted the mare to be sound, defendant denied all other allegations in the petition.

There was a trial before the court and a jury and at its conclusion a verdict for the amount claimed, $395, was returned, judgment following. Plaintiff filed a motion for a new trial in due time and also within due time filed a supplemental motion alleging newly discovered evidence, undue familiarity by plaintiff toward the jury when on the witness stand, and that by reason of his having been of the regular panel, he had an undue intimacy with the jury. In a supplemental motion to the supplemental motion, filed five days after the rendition of the judgment, newly discovered evidence is averred. The parties filed affidavits *pro* and *con* as to these matters. The court overruled the motions, from which action of the court defendant, saving exception, duly perfected his appeal to this court.

It may be said of this case as of all other cases involving horse and mule trades, that the evidence was very conflicting. Learned counsel for defendant, now appellant, recognizing the rule under such circumstances, make no attack on the verdict as not supported by evidence.

The errors assigned are to the giving of an instruction at the instance of plaintiff in the following words: "The court instructs the jury that *even though you find from the evidence that the plaintiff, after the trade in question, offered to sell said mare and represented her to be sound,* yet if you further find from the evidence that said mare was not sound at the time of the making of the trade in question; and if you further find from the evidence that at the time of said trade no obvious defect in said mare was discovered

Weaver v. Rudasill.

by or known to plaintiff; and if you further find from the evidence in the case that the plaintiff tendered said mare and check to the defendant and demanded that he return to plaintiff said mules, as explained in plaintiff's instruction No. 1, then your verdict must be for the plaintiff.''

The particular error assigned is to the inclusion in this instruction of the words which we have italicized.

Further error is assigned to the overruling of the motion for new trial in the light of the affidavits filed by appellant.

No objection is made to the first instruction given at the instance of plaintiff. It covers the whole case, as we think, correctly.

At the instance of defendant the court instructed the jury that defendant admits that he represented the mare in question to be sound at the time he traded her to plaintiff but that before plaintiff could recover in the case the burthen was upon him to prove to the reasonable satisfaction of the jury that the mare was unsound at the time he got her from defendant, and unless plaintiff had so proven by the greater weight of the credible testimony in the case, the verdict must be for defendant.

This instruction was also given at the instance of defendant: ''If the jury believe from the testimony in the case that the mare in question was sound at the time plaintiff got her from defendant, then you are instructed that the plaintiff cannot recover; and this is true no matter if the mare thereafter became unsound, and no matter how soon thereafter she became unsound.''

Another instruction asked and given at the instance of defendant was as to the credibility of the witnesses.

Citing authorities in support of the assignment of error to that part of the instruction given at the in-

stance of plaintiff and which we have italicized, counsel for appellant particularly rely on Barr v. The City of Kansas, 105 Mo. 550, 1: c. 557, 16 S. W. 483, and Weil v. Schwartz, 21 Mo. App. 372. In Barr v. City of Kansas, supra, the Supreme Court does condemn an instruction which is somewhat like the one before us. But when this whole instruction is taken in connection with others given, particularly that given at the instance of defendant, we do not think that this clause vitiates it. It is claimed that the clause is an undue comment on the evidence. Evidently the reliance of the defendant was on the fact, and there was some evidence tending to prove it, that some days after defendant admitted that he had discovered the defects in the mare and had told plaintiff of them, that plaintiff had either offered to sell the mare, representing her to be sound, or that he had told defendant to sell her as sound and that he would "stand good" for it or "stand back of him." We think, under the circumstances of the case, that the jury were entitled to be guided by the court as to the effect in law of such declarations, if made, and that it was no more than fair to instruct the jury as a matter of law, that even if such declarations had been made by plaintiff to defendant, they were not binding on plaintiff, if the real fact as to the condition of the mare was that she was not sound at the time of making the trade in question, that being the crucial point for determination. It is difficult to understand how, without some direction from the court as to that phase of the case, the jury could intelligently determine the merits of the case. We do not think that this falls within the condemnation of decisions which forbid the singling out of special facts and of commenting on them, to the exclusion of other facts in the case. We therefore decline to hold that the presence of this clause in this instruction, in view of the other instructions given at the instance of both parties and in the light of the evidence

in the case, constitutes reversible error. "It is proper enough," says Judge PHILLIPS, in Nicholson v. Golden, 27 Mo. App. 132, l. c. 154, "under certain circumstances, to have the jury told as to the legal effect of one fact upon another." We think, under the facts here in evidence, that this clause was properly embodied in this instruction. It bears no resemblance to instructions condemned in Gage v. Mears, 107 Mo. App. 140, 80 S. W. 712, and other like cases.

Nor will we interfere with the action of the learned trial judge in overruling the motion for a new trial. The alleged discovery of new evidence, which is set out in the second supplemental motion, cannot be considered, for that motion was filed five days after the rendition of the judgment. The original motion for new trial and the supplemental motion for that were filed within the four days allowed by law and were properly considered, but the determination of these matters is so much within the discretion of the circuit judge who tried the case, that the fact that he had before him the regular panel from which the parties had selected the trial jury, as well as that jury, incline us not to disturb the conclusion of that judge in refusing to set aside the verdict for the reasons set out in *ex parte* affidavits, or for any other assigned causes. One of the grounds strongly insisted on in support of this motion for a new trial is that plaintiff was himself a member of the regular panel of the jury at that term and that it was a natural inference that his relations with the jurors were so close as to prejudice and bias them in his favor. It is to be assumed that the learned counsel for appellant were aware of that fact when the members of that panel were called into the jury box and a jury was to be selected. It was within the power of counsel, if they thought that plaintiff, for that reason, would have an undue influence on the panel, to have challenged the array on that ground. Nothing of that kind was done. It is too late, after taking the

chance of a favorable verdict, to now raise the point. Counsel urge that in testifying, defendant turned to the jury and addressed them as "You boys," and in other familiar terms. That is not conduct to be commended on the part of any witness but hardly of such a character as to demand overturning a verdict. The control of the witness on the stand was within the power of the trial judge, and we assume that he paid due attention to the preservation of proper decorum in his court.

As to the ground of newly discovered evidence, we do not suppose that a horse or mule trade was ever tried in any of the courts of the land in which, after verdict either way, a multitude of witnesses could not be found who would come forward and by affidavit depose that they knew all about the case and that the verdict was wrong.

To repeat, we see no reason to interfere with the action of the trial court in this matter. The judgment is affirmed. *Nortoni* and *Allen, JJ.,* concur.