## HAZZARD v. THE CITY OF COUNCIL BLUFFS.

1.   **Streets:** NEGLIGENCE LEADING TO OBSTRUCTION : EVIDENCE.   In an action  for  injury to  plaintiff's horse, caused by rubbish deposited on one of defendant's streets by the overflow of  a  culvert of insufficient capacity, *held* that it was error to  exclude evidence that the culvert was of insufficient capacity and that it was choked up with rubbish, and that, by reason thereof, the rubbish causing the injury was deposited in the street; for, if defendant's negligence in the construction of the culvert caused the overflow, then the obstruction caused  by the overflow was  the result of that negligence.

2. ——: ——: LIABILITY FOR INJURIES NOT FORESEEN. In such case it was error to instruct the jury that the defendant was not liable for negligence in constructing the culvert, on the ground that "the injury could not reasonably have been foreseen and apprehended as a result of the insufficient capacity of the culvert;" for if defendant was negligent, as alleged, it was liable for the results of such negligence, though it was impossible to foresee the particular injury resulting therefrom.

*Appeal from Pottawattamie District Court.*—HON. H. E. DEEMER, Judge.

FILED, JANUARY 27, 1890.

ACTION to recover damages sustained by plaintiff from injuries to his horse, caused by defendant's negligence in constructing a culvert under a street of the city, which caused the deposit of impediments in the street. There was a verdict and judgment for defendant. Plaintiff appeals.

*Flickinger Bros.*, for appellant.

*G. A. Holmes*, for appellee.

BECK, J.—I. Plaintiff's cause of action, as set out in his petition, is stated in the abstract in the following language: "Plaintiff in his petition alleges that, at the intersection of Pierce street and Park avenue, streets of defendant city, was situated a small culvert or bridge, forming the crossing of said streets; that said culvert was wholly inadequate in size and capacity to carry off the water from the north side of said avenue; that, by reason of such insufficiency and narrowness of the waterway, said culvert became fully stopped up with mud and rubbish, causing the drainage of the entire ditch on the east side of said avenue to flow upon, and over, said culvert, thus filling the intersection of said streets with mud, rubbish, stones, bricks and other refuse matter; that the defendant negligently and carelessly permitted and allowed large quantities

of broken stones, bricks, brush, sticks and other rubbish to accumulate and remain at, or near, the intersection of said streets, and at the culvert aforesaid, and that the defendant city, in the construction of said culvert, negligently and carelessly caused same to be so constructed that it did not have sufficient capacity to carry off and drain the water from the ditch, for which it was designed; that, by reason of the negligent, careless and unskilful construction of said culvert, and its lack of capacity, the same became filled up with *débris*, mud and other accumulations, and the overflow thereof was carried into the street, by reason of which accumulation of rubbish and refuse matter in said street, and the condition of said culvert aforesaid, etc., plaintiff's horse, while being driven along the same, was seriously and irreparably injured by having its leg broken above the hock joint." Defendant in its answer denies the allegations of the petition, and alleges that the injuries to the horse were caused by the negligence of the plaintiff.

II.   There was evidence given by plaintiff's witnesses tending to show that plaintiff's horse was injured by stepping upon a brick, which rolled, thus breaking his leg, and that the brick, with other obstruction, was washed upon the street by the overflow of the water, caused by the insufficiency of the culvert conducting the water under the street. Plaintiff offered evidence tending to show that the culvert was not of sufficient size, and that, by reason thereof, and of the further fact that it was blocked up with rubbish, the water flowed into the street, depositing there brick and other obstructions.   The district court excluded this evidence, and other evidence tending to show the condition and character of the culvert.   An instruction in the following language was given to the jury:   "(10) As the evidence in this case shows the horse in question was injured, if injured at all, by a defect or obstruction which plaintiff claims was negligently and carelessly permitted and allowed to remain in the streets of the defendant city,

Hazzard v. The City of Council Bluffs.

you are instructed that the fact that the culvert near where the injury was caused was not of sufficient capacity to carry off the water that it was designed to carry off, or that it became stopped up with mud, and that one or the other fact, if it be a fact, caused the water to flow over the street in question, and that the overflow of said water carried the obstructions into the street, which plaintiff claims caused the injury, would not be sufficient to establish a liability on the part of defendant, for the reason that such injury could not reasonably have been foreseen and apprehended, as a result of the insufficient capacity or lack of repair of the said culvert."

III.   It will be observed that plaintiff bases his action upon the negligence of defendant in permitting the bricks and other rubbish to accumulate upon the street.   It is shown that the accumulation upon the street resulted from the negligent construction of the culvert.   It was surely proper to show the origin and cause of the obstruction, in order that it might be determined whether defendant was liable therefor by reason of its own negligence.   Unless defendant caused or permitted the obstruction to the street, it would not be liable.   It is plain that, if defendant's negligence in the construction of the culvert caused the overflow of the street, the obstruction was caused by defendant's negligence. The evidence, therefore, was erroneously excluded.

1. STREETS: negligence leading to obstruction: evidence.

IV.   The tenth instruction, above set out, is clearly erroneous for the same reasons which condemn as erroneous the rulings upon the evidence just noticed.   The reason stated in the instruction for holding that the defendant is not liable in this action for negligence in the construction of the culvert, viz., the "injury could not reasonably have been foreseen and apprehended, as a result of the insufficient capacity, or lack of capacity, of the culvert," is obviously unsound.   It cannot be claimed that, to render one liable in an action for negligence, he must foresee the identical injury for which

2. ___:___: liability for injuries not foreseen.

recovery is sought. Nothing less than supernatural foresight or prescience will enable any one to know just what injuries will result from an obstruction in a street. The person injured, the character of the injuries, and their extent, and the manner in which they will be incurred, cannot be foreknown by the one who is negligent or by any other person. It is sufficient for the negligent party to know that, from the obstruction in the street, which he negligently causes, the property or persons of those passing upon the street will be exposed to danger. It is not required that he should foresee the injury complained of, or any other injury. The error of the instruction is apparent. Other questions in the case need not be considered. For the errors pointed out the judgment of the district court is

REVERSED.