A. A. HAZARD, Appellee, v. CITY OF COUNCIL BLUFFS, Appellant.

87  51
102  104
87  51
111  489
87  51
117  619

1. Streets: DEFECTIVE CULVERT : NEGLIGENCE: EVIDENCE. Where, because of the insufficiency of a culvert in a city street, intended to carry off water which came down from adjacent land, the water washed over the street, and deposited brickbats and rubbish upon the surface thereof, and made a ditch or depression in the street, and the rubbish which thus obstructed the street was permitted to remain for such

length of time that its presence must have come to the knowledge of the officers of the city who were charged with the duty of keeping the streets in repair, *held*, that the city was guilty of such negligence as to render it liable in damages for injuries to a horse whose leg was broken through stepping upon a brickbat thus deposited in the street.

2. ——: ——: ——: CONTRIBUTORY NEGLIGENCE: EVIDENCE. While the brickbats thus deposited in the street were shown to be in plain view of the rider of the horse in question, yet it appearing that in the ditch made by the water there was an accumulation of brush and other rubbish which caused the brickbat stepped upon by the horse to roll, and that it was by reason of such rolling motion of the brick that the leg of the horse was broken, *held*, that the jury was warranted in finding that the rider of the horse was free from negligence contributing to the injury.

3. ——: ——: NOTICE TO-CITY: INSTRUCTIONS TO JURY. An instruction that notice to the servants of a city of a defect in its streets is notice to the city, is not ground for reversal, where it is apparent from the whole paragraph that by "servants" is meant the officers of the city charged with the care of its streets.

*Appeal from Pottawattamie District Court.*—HON. A. B. THORNELL, Judge.

WEDNESDAY, JANUARY 18, 1893.

ACTION to recover damages for injuries to the plaintiff's horse, by reason of the alleged negligence of the defendant in constructing an insufficient culvert in a street of the city, which caused the street to overflow and become obstructed with mud, rubbish, stones, bricks, and other refuse matter. There was a trial by jury, which resulted in a verdict and judgment for the plaintiff. The defendant appeals.—*Affirmed.*

*J. J. Stewart*, for appellant.

*Flickinger Bros.*, for appellee.

ROTHROCK, J.—I. The argument of counsel for the appellant proceeds upon the theory that the evidence does not show that the city was negligent in the construction of the culvert, and in permitting brickbats, brush,

1. STREETS: defective culvert: negligence: evidence.

and other rubbish to remain in the street. It can not
be a subject of debate that the culvert was insufficient
to carry off the water which came down from the adja-
cent land. The fact is undisputed that the culvert
became clogged up, and that the water washed over
the street, and deposited brickbats and other rubbish
upon the surface of the street, and there is evidence in
the case from which the jury were authorized to find
that there was a ditch or depression in the street,
caused by the action of the water which should have
been carried off through the culvert; and there was
also evidence to the effect that much of this rubbish
which obstructed the street had been there for suffi-
cient time to authorize a finding that it must have come
to the knowledge of the officers of the city who were
charged with the duty of keeping the streets in repair,
and in suitable condition for travel. This being the
state of the case, there can be no doubt that the city
was liable for the injury, unless the plaintiff failed to
show that the person in charge of the horse was free
from contributory negligence in riding the horse on
and over the obstructions in the street.

II. The evidence shows that the plaintiff's horse
was injured by stepping on a brickbat which rolled un-
2. —: —: —: der his foot, and by reason of the rolling
contributory
negligence: motion of the brick the leg of the horse
evidence. was broken. It is claimed that the brick-
bats in the street were plainly visible, and that the
rider of the horse should have avoided them. The jury
found specially that a part of the obstructions and de-
fects in the street were in plain view of the person in
charge of the horse. This finding was warranted by the
evidence. The brickbats, or most of them were shown
to be in plain view; but there was evidence tending to
show that there was a ditch and brush and other rub-
bish under the brickbats, which the jury, no duobt
believed were the real cause of the rolling of the brick-

bat upon which the horse stepped and was injured.   A careful examination of the evidence leads us to the conclusion that the jury were warranted in finding that the person in charge of the horse was shown to be free from contributory negligence.  These general observations practically dispose of this appeal.  The case has once before been in this court, upon an appeal by the plaintiff.   See 79 Iowa, 106. At the last trial the court appears to have tried the case in accord with the opinion on the former appeal.

III.   The appellant's counsel complain of the refusal to give certain instructions to the jury, upon the request of the defendant.   The instructions which were given by the court on its own motion covered every conceivable question in the case, and there was no necessity for further instruction.   It is claimed that certain parts of the charge to the jury were erroneous. We discover no ground for disturbing the judgment on this ground.   The charge, taken as a whole, is a correct exposition of the law of negligence, as applied to the facts disclosed in evidence.

Special objection is made to the following language, used by the court in the instructions:

3. ——: ——: notice to city: instructions to jury.       "But actual notice need not be shown in all cases.   It may be inferred from the notoriety of the defect, or from its being so visible and apparent, and having continued for such length of time, as that, in the exercise of reasonable observation and care, the proper officers of the city ought to have known of and remedied or removed the defect or obstruction.   The evidence in this case fails to show actual notice of the defect or obstruction complained of, if same existed, to the defendant or its officers; but if the evidence shows that such defect or obstruction had existed for such length of time, and was so visible and apparent, as that the officers and servants of the defendant ought, in the exercise of ordinary care and observation, to have known of and

remedied or removed same before the time of the accident in question, this would be sufficient to show that the defendant was negligent in permitting such defects or obstructions to remain at the time of the accident; but unless the evidence does show that said defects or obstructions were caused by the negligence of the defendant in constructing the culvert at the place in question, as before explained, or that same were of such notoriety, or had existed for such length of time, and were visible and apparent before the accident, as that the officers and servants of the defendant, in the exercise of ordinary care and observation, ought to have known of and remedied or removed said defects or obstructions, the defendant can not be charged with negligence on account thereof, and the plaintiff can not recover in this case.''

The objection to this part of the charge is that the defendant is thereby made liable if a mere *servant* of the corporation knew of the defect, or could, with reasonable diligence, have discovered it. The part of the charge above set out, when considered throughout, will not bear the construction contended for. Its whole scope and meaning is that if the *''proper officers* of the city ought to have known of and remedied or removed the defect or obstruction,'' and did not do so, then the city was chargeable with negligence. The use of the word ''servants'' could not have been understood by the jury as other than representatives of the city charged with some duty with reference to maintaining the streets in proper condition for travel.

The case requires no further consideration. We have disposed of it in this general way because, as it appears to us, there is no real ground for objection to any ruling of the court, and we are satisfied that the verdict of the jury finds support in the evidence.

The judgment of the district court is AFFIRMED.