MATTHEW McALLEN and J. D. HOFFMAN, for themselves,
   *et al.* tax payers of the town of Walker, Linn County,
   Iowa, Appellees, v. THEODORE HAMBLIN, Mayor; O.
   C. SWARTZ *et al.* Aldermen; and A. G. GARRY, Clerk
   of the Town of Walker, Appellants.

**Municipal corporations:** CARE OF STREETS: PAYMENT OF EXPENSE. A
1   municipality has power to sprinkle its streets and pay the cost
   out of the general fund, and no ordinance or resolution author-
   izing the same is necessary.

*Appeal from Linn District Court.*— HON. B. H. MILLER,
                        Judge.

             SATURDAY, JANUARY 13, 1906.

   SUIT in equity to enjoin defendants who are the mayor,
clerk, and aldermen of the town of Walker, from paying out
or using any of .the general funds of said town for the
use of a team and driver in sprinkling the streets of said
town, and from using water from the town waterworks sys-
tem for street sprinkling.   Defendants' general equitable de-
murrer to the petition was overruled, and a decree was en-
tered as prayed.   Defendants appeal.— *Reversed.*

   *Voris & Haas,* for appellants

   *Redmond & Stewart,* for appellees.

   DEEMER, J.— By statute cities and towns have power
to improve and repair streets, have the care and super-
vision thereof, and are obligated to keep them open, in re-
pair, and free from nuisance.   Code, sections 751, 753.
The expenses connected therewith may be paid out of the
general fund, or in some cases they may assess the cost

thereof against abutting property. Code, section 779. They may contract and pay for water necessary for public purposes. Code, section 725.

It appears from the allegations of the petition that the town of Walker owns and operates its system of waterworks; that certain citizens by private subscription purchased a street sprinkler, and donated the same to the use of the town; and that defendants, as the governing body of the municipality, hired a driver and team for the sprinkler, in order that the business streets of the village might be sprinkled. Defendants also allowed water to be taken from the system of waterworks belonging to the town for street sprinkling purposes, without charge therefor, and when this action was commenced were paying the driver and for the use of the team out of the general funds of the town. There was no ordinance or resolution providing for payments to the driver or for the use of the team.

The action is bottomed on the theory that defendants had no right to use the general funds of the town for paying the driver or for the use of the team, and that their action in permitting the water to be used for street sprinkling was and is unlawful.

Defendants contend that their action in the premises was for the improvement and care of the village streets, and that they had authority under the law to do as they did. But appellees say that the Legislature has not granted to towns the right and power to sprinkle streets, and to pay therefor out of the general revenues of the town. It is true, of course, that a municipality can exercise such powers, and such only, as are granted in express words, or such as are fairly and reasonably implied or incident to those granted, or such as are essential to the declared objects and purposes of the corporation, or as said in *Heins v. Lincoln,* 102 Iowa, 77. " Municipal corporations possess, and can exercise only the following powers: First, those granted in express words; second, those necessarily or fairly implied or

incident to the powers expressly granted; third, those essential to the declared objects and purposes of the corporation — not simply convenient, but indispensable." See, also *Aldrich v. Paine,* 106 Iowa, 461.

We have referred to the statutes which confer upon town councils authority over streets, and find that they may improve and repair them, that they have the care and supervision thereof, and must keep the same open, in repair, and free from nuisance. They may also contract for a water supply for public purposes. They are not given express power to sprinkle streets, unless that be involved or implied in the grant of authority to improve, care for, supervise, and control the same. Water for street sprinkling is undoubtedly a public purpose within the meaning of the statute referred to, for the benefit is to others aside from those whose property directly abuts upon the street which is sprinkled.

We are constrained to hold, that under the statutes referred to, towns have authority to pay for the sprinkling of streets. Such work is an improvement of the streets, in that it removes sources of filth, destroys or confines germs of disease, and conduces to the comfort, not only of the traveling public, but to all who may own property in the vicinity of the street. It makes it easier to travel over the highways, and removes many of the discomforts attendant upon the use of dirt roads in dry weather. True, the results are transient, and not permanent; but this is true of almost any improvement. None of them are everlasting or eternal. A board sidewalk soon rots out, and a pavement wears away from use or the action of the elements. Permanency, or the want of it, is not the true test, but rather the result to be obtained. That a street is improved by the use of water upon it to settle and allay the dust is too clear for argument. This being true, the acts complained of were within the implied, if not the express power, conferred upon the defendants. That street sprinkling is

a public, rather than a private improvement, is also too clear for discussion. See, as sustaining these propositions, *State v. Reis,* 38 Minn. 371 (38 N. W. Rep. 97); *Savage v. City,* 23 Ore. 381 (31 Pac. Rep. 832, 24 L. R. A. 787, 37 Am. St. Rep. 688); *West v. Bancroft,* 32 Vt. 371; *Sears v. Board,* 173 Mass. 71 (53 N. E. Rep. 138, 43 L. R. A. 834); *Reinken v. Fuehring,* 130 Ind. Sup. 382 (30 N. E. Rep. 414, 15 L. R. A. 624, 30 Am. St. Rep. 247).

Street sprinkling is as necessary as street cleaning, and no one would contend, we think, that a town or city may not employ and pay men for cleaning its streets and crossings. There is no requirement that the matter be covered by ordinance or résolution. The work is not of such a nature as to require such formalities. The demurrer should have been sustained, and a judgment entered dismissing plaintiffs' petition.

The decree must be reversed, and the cause remanded for one in harmony with this opinion.

*Reversed* and *remanded.*