## D. D. SHINNICK v. CITY OF MARSHALLTOWN, Appellant.

**Municipal corporations:** LIABILITY FOR STREET OBSTRUCTIONS: *Ultra vires.* Where a police officer places an obstruction in a public street at the direction of the mayor his act is that of the city, and it cannot escape liability for an injury to a traveler caused thereby, either on the ground that it is not liable for the act of the officer, or that his act was *ultra vires.*

*Appeal from Marshall District Court.*— HON. OBED CASWELL, Judge.

THURSDAY, JANUARY 16, 1908.

SUIT to recover damages for a personal injury. Trial and verdict, and judgment for the plaintiff. The defendant appeals.— *Affirmed.*

*B. L. Burritt,* for appellant.

*Anthony C. Daly,* for appellee.

SHERWIN, J.— One of the defendant's police officers was directed by its mayor to place a rope across one of its principal streets for the purpose of stopping travel at that particular point. The rope was stretched across the street at about four o'clock in the afternoon, and at about seven o'clock the next morning the plaintiff ran into the same, and was injured.

The appellant's argument is directed to the single point that it is not liable for the act of the police officer, even though he was acting under the mayor's instructions. The appellant cannot escape liability on the ground alleged, however. The rope was placed there by the direction of the mayor, who was the executive officer of the city. If placed there without authority, as contended by appellant, it con-

stituted a nuisance, and it was the duty of the defendant to abate it.  It became chargeable with notice of the nuisance, if not responsible therefor, when it was erected, because notice to its chief executive officer was notice to it.  *Cook v. City of Anamosa,* 66 Iowa, 427.  Escape from liability cannot be predicated on the plea of *ultra vires,* for the city was bound to keep its streets free from nuisances.  *Stanley v. Davenport,* 54 Iowa, 463; *Wheeler v. City of Ft. Dodge,* 131 Iowa, 566.  The appellant relies on *Caldwell v. City of Boone,* 51 Iowa, 687, and *Waller v. City of Dubuque,* 69 Iowa, 541, to sustain its contention that no liability exists in this case, but these cases are not controlling.  Neither one relates to the care of streets or to nuisances erected therein.

The judgment is *affirmed.*