Howard C. Mardis, Appellant, v. City of Des Moines, Appellee.

No. 47268.

(Reported in 34 N. W. 2d 620)

November 16, 1948.

Rehearing Denied January 14, 1949.

Parker, Mook & Mannheimer, of Des Moines, for appellant.

Frank B. Hallagan, Corporation Counsel, S. L. Harvey, City Solicitor, Frank D. Bianco, Assistant City Solicitor, and Hextell & Beving, all of Des Moines, for appellee.

HALE, J.—For the purpose of this appeal, the facts are not in dispute. This is an action at law brought against the City of Des Moines and its employees Francis Mastin and Harry Wilson by Howard C. Mardis to recover damages suffered as a result of an accident involving a truck owned by the City of Des Moines and a car in which Mardis was riding. The chief issue is whether a municipal corporation is liable to one injured through the negligent driving of a city-owned truck by city employees who were carting away and dumping rubbish swept from the streets, or whether the doctrine of governmental immunity interposes to relieve the corporation from liability for such torts.

The plaintiff's petition setting out the cause of action was met by the City by motion to dismiss, which was sustained by the court which, in its opinion, stated as its conclusion that plaintiff's petition showed that the truck was being operated in carrying out a governmental function, and though its servants may have been negligent, yet no civil liability can be cast upon the city.

Plaintiff argues that the function of street cleaning is part of the statutory authority and obligation imposed upon cities and towns by section 389.12 of the Code of 1946 which vests municipalities with the care and control of their streets and directs their streets be kept open and in repair, and free from nuisances; that no reasonable distinction can be drawn between the city's liability for negligent failure to maintain its streets in the condition prescribed by statute, and its liability

for the negligent conduct of its employees while engaged in that work; and that, irrespective of the statute in question, a city is liable for the negligence of its employees in the operation of a truck while engaged in street cleaning because that function is proprietary and not governmental.

The defendant, City of Des Moines, argues that municipal corporations are not liable for injuries resulting from negligent acts or omissions of employees engaged in performing a governmental function of the municipal corporation; that the test as to whether or not an activity is a governmental function is whether it is for the general public benefit or provides for the safety and protection of the property of the general public rather than being in the nature of a business undertaking for a corporate benefit or in the corporate interest; that cleaning or flushing the streets is a governmental function and a municipal corporation is not liable in damages for injury resulting from negligent acts or omissions of its employees so engaged, and further urges that cleaning, flushing or sprinkling the streets, as a public-health and comfort measure, is the exercise of the police power of the city and hence a governmental function; and that the care and maintenance of the city streets is a governmental function and a municipal corporation is not liable in damages for injuries resulting from negligent acts or omissions of its employees in such care and maintenance.

The injury involved in this action occurred as the plaintiff was riding in a car belonging to his son. They were driving in a northwesterly direction on Beaver Avenue and were struck at the intersection of Beaver Avenue and Witmer Parkway by a truck owned by the City of Des Moines, operated by its employees Mastin and Wilson. Defendant drivers backed out of Witmer Parkway in an endeavor to cross Beaver Avenue and struck the car in which plaintiff was riding. The employees were engaged in moving piles of street sweepings from the streets and dumping such debris in a ravine on the west side of Beaver Avenue opposite the entrance to Witmer Parkway. Beaver Avenue at this intersection is a "through street." By reason of this collision plaintiff sustained injury.

This is an intermediate appeal duly authorized by this

court and involves only one question: Is defendant, City of Des Moines, which is a municipal corporation, liable for injuries caused by the negligence of its employees while thus engaged in cleaning the streets?

The Code of 1946, in relation to the duties of cities and towns as to the streets and public grounds, provides in section 389.12:

"Duty to supervise. They shall have the care, supervision, and control of all public highways, streets, avenues, alleys, public squares, and commons within the city, and shall cause the same to be kept open and in repair and free from nuisances."

This statute has been in operation for many years.

The plaintiff argues that the court erred in holding that section 389.12 of the Code imposes upon the municipality no duty of care in the conduct of street cleaning for breach of which the City is liable, and argues that the municipality is liable for the negligence of its servants in carrying out its statutory duty to supervise streets and keep them open, in repair and free from nuisances. This is the sole point in issue. The cases cited by plaintiff, however, refer particularly to the condition of the streets, as in Cox v. City of Des Moines, 231 Iowa 880, 2 N. W. 2d 261, which is a case involving liability of negligent maintenance of a park; Humphrey v. City of Des Moines, 236 Iowa 800, 20 N. W. 2d 25, which involved injury on a street alleged to be in an unsafe condition for travel; Shinnick v. City of Marshalltown, 137 Iowa 72, 114 N. W. 542, the cause of action in which case was an obstruction placed in the street; Prowell v. City of Waterloo, 144 Iowa 689, 123 N. W. 346, which action involved a construction of a parkway not properly guarded. All these cases and many others related to some action of the city itself, of course through its agents or employees, in which the issue was whether or not the city had failed in its statutory duty.

This court has held in a series of cases that for the failure to maintain the streets in good condition or to permit them to be in a dangerous or hazardous condition for travel a municipal corporation is liable in damages. The plaintiff has always been

permitted to recover where liability has properly been shown, but the question we have here does not apply to the failure of the City to perform its statutory duty. In this respect the liability of a municipal corporation varies from the ancient common-law rule of nonliability for negligence in performance of a governmental duty, so that the failure to perform, as in the Iowa cases cited by plaintiff, is based on such cases holding the municipal corporation in damages, as in Hazard v. City of Council Bluffs, 87 Iowa 51, 53 N. W. 1083, and other cases cited in that connection by the plaintiff.

This court has never passed directly upon the question of the liability of the city for the negligence of its employees while engaged in the performance of the duty imposed upon the city of cleaning the streets, but that the city is liable for failure of maintenance or for negligent construction may be true and is generally so held. But the further extension of the rule that liability of the city may exist while in the performance of such duty has not been directly so recognized in this state. The contrary is true. Probably the largest number of authorities hold to the contrary. The general holding of the courts of this country is thus stated in 38 Am. Jur., Municipal Corporations, 311, section 614:

"The courts differ as to whether the disposition or removal of garbage and refuse constitutes a governmental function within the rule that in the performance of a governmental function a municipality is not liable for the negligence of its officers and employees, but the weight of authority is to the effect that it is a public or governmental function, and that the municipality is not liable for the negligence of the persons employed therein. This rule applies also to the erection and maintenance of an incinerator by a municipality. If properly constructed and maintained, the municipality will not be held civilly liable to individuals for injuries resulting therefrom. In such a case it can make no difference that the injury is to real estate rather than to the person of an individual, if it is merely the result of an act of a person in the employ of the municipality. In some jurisdictions, it is considered that the removal of garbage or refuse is a corporate function to which the benefit to the public

health is a mere incident, and that a municipality is liable for the torts of its employees engaged in such work." Citing a large number of authorities in support of the majority rule, and various authorities holding to the contrary.

In a previous section, 572, page 261, the rule is stated, in part:

."Subject to certain exceptions hereinafter noted, the rule almost universally recognized is that in the absence of statutory provision, there can be no recovery against a municipal corporation for injuries occasioned by its negligence or nonfeasance in the exercise of functions essentially governmental in character. In the exercise of such functions, the municipal corporation is acting for the general public as well as the inhabitants of its territory, and represents in such capacity the sovereignty of the state. No liability attaches to it at common law, either for nonuse or misuse of such power or for the acts or omissions on the part of its officers or agents through whom such functions are performed, or of the servants employed by agencies carrying out governmental functions of the corporation."

In support of this general proposition many citations from appellate courts in the United States are set out, including various decisions in Iowa. To the same effect see 43 C. J., Municipal Corporations, section 1701, where the distinction is made between the governmental functions and those for special or private purposes, citing many cases too numerous to attempt to set out here. See the rule announced in notes to the case of Hoffman v. City of Bristol, 113 Conn. 386, 155 A. 499, 75 A. L. R. 1191, reviewed and annotated in 75 A. L. R. 1199–1204, inclusive; Hoggard v. City of Richmond, 172 Va. 145, 200 S. E. 610, reviewed and annotated in 120 A. L. R. 1368, 1376.

Under the title Governmental Function in 18 Words and Phrases, many definitions are given of the phrase, extending from page 582 to and including 596. See also cumulative parts. It would be impracticable to set out all these citations. They show, however, that the doctrine of immunity is held by the greater number of courts of this country.

In the absence of statutory provisions to the contrary,

the Iowa courts have held that the immunity of municipal corporations from liability for the torts of their employees depends upon whether or not such employment was in the exercise of a corporation's governmental function, and the uniform holding has been that if so exercised there was no liability on the part of the municipality for such torts. This, however, as stated, does not apply to the maintenance of the streets. We have uniformally held that for defects or hazards in the streets under the supervision of a municipality, the City may be liable. This is not disputed either by the plaintiff or defendant in this case.

The question in all the cases both in Iowa and other states generally is: What constitutes governmental function? It has more recently been defined in this state in the case of Abbott v. City of Des Moines, 230 Iowa 494, 500, 502, 298 N. W. 649, 652, 138 A. L. R. 120, citing and quoting Smith v. Iowa City, 213 Iowa 391, 394, 239 N. W. 29, 31:

" 'Governmental functions are exercised by municipalities for the benefit of the public. They are acts from which the city, as a municipality, derives no peculiar advantage, pecuniary or otherwise, but acts and functions designed to advance and conserve the convenience, comfort and welfare of the public. Clearly, therefore, the appellee city is not liable for the mere failure of its park board to keep and maintain the instrumentality or device in question, which was a part of the equipment of a public park established by the municipality in the exercise of governmental functions, free from danger.' "

The Abbott case further refers to the case of Mocha v. City of Cedar Rapids, 204 Iowa 51, 52, 214 N. W. 587, in which the city was held to be free from liability in the establishment and maintenance of a bathing beach, on the theory that though a small charge was made it was a public enterprise and its maintenance was in the interest of all and it was not of the nature of a corporate or public undertaking for the corporate benefit. Further, while disagreeing with the editor of 75 A. L. R. 1196, in the notes to the case of Hoffman v. Bristol, supra, who disagreed with the foundation of the theory, the writer of the

opinion in the Abbott case further quotes and agrees with the rest of such editor's comment as follows:

" 'Regardless of fundamental conceptions of justice, however, it is a well-settled general rule in this country that a municipal corporation is not liable for the negligence of its officers, agents, or servants in the exercise of public or governmental functions, from which it derives no profit or advantage, as distinguished from corporate or proprietary functions, and that the rule of respondeat superior does not apply in such cases.' "

The Abbott case, which is one of our most recent pronouncements, agrees with the rule of nonliability of a municipal corporation for acts done in the exercise of public or governmental function, the doctrine being firmly established by the pronouncements of the courts of Iowa. Citing cases. With this holding we agree. The remaining question is: Was the act done by the employees, so far as the City was concerned, in the exercise of governmental function?

The plaintiff bases his argument on his claim that street cleaning is included in the statutory duty to maintain the streets, and that the City is, for that reason, liable for the actions of its servants engaged in such activity. In this reasoning the plaintiff does not distinguish between the failure of nonfeasance of the City and the act of carrying out its statutory duty. In that connection plaintiff agrees that the precise question, whether the statute by requiring due care to maintain the streets implicitly requires care in doing the acts requisite to such maintenance, has not been decided in this state. The Iowa cases cited by plaintiff all refer to the duty to maintain the streets, but no Iowa case is cited directly holding that the negligence of a city's employees engaged in that work constitutes liability upon a city.

The case of Cotes & Patchin v. City of Davenport, 9 Iowa 227, is of no value in connection with the point in issue here. It is quoted by plaintiff for the language respecting the liability of a city in the construction of public improvements. The city was not only made liable under its charter but the question in issue was whether the improvement itself was properly constructed.

The same may be said of Hazard v. City of Council Bluffs, 87 Iowa 51, 53 N. W. 1083, in which it was the condition of the street which was at fault and not negligence of employees in performing a statutory duty, and the failure of the city to perform such duty rather than the manner in which it was done. We need make no reference to the particular cases from jurisdictions which hold the minority view in regard to the question of governmental function. Plaintiff's cited authorities are largely from these jurisdictions.

The defendant contends, and with this contention we agree, that the test whether or not an activity is a governmental function is whether it is for the general public benefit or provides for the safety and protection of the property of the general public rather than being of the nature of a public undertaking or of a corporate benefit or in a corporate interest. Iowa authorities cited by defendant are as follows: Miller v. Incorporated Town of Milford, 224 Iowa 753, 276 N. W. 826, 114 A. L. R. 1423, wherein it held that in exercising its power to light streets a town is acting in its governmental capacity and provides for the safety and protection of its citizens and the preservation in good order; Bradley v. City of Oskaloosa, 193 Iowa 1072, 188 N. W. 896, holding that a city is not liable for the negligent manner in which a city's fireman performs his duty, nor is a city liable for failure to provide regulations for the governing of traffic on its streets; Saunders v. City of Fort Madison, 111 Iowa 102, 82 N. W. 428, relating also to negligence by firemen; Mocha v. Cedar Rapids, supra, the construction and operation of a bathing beach was held to be a governmental function; Leckliter v. City of Des Moines, 211 Iowa 251, 233 N. W. 58, an action for personal injuries caused by a police patrol which, while the action of the officers was not of an emergency duty, was still held to be a governmental function and for such the city was held not to be liable; McAllen v. Hamblin, 129 Iowa 329, 105 N. W. 593, 5 L. R. A.; N. S., 434, 6 Ann. Cas. 980, and cases cited, holding street sprinkling to be a public improvement. See also McFadden v. Incorporated Town of Jewell, 119 Iowa 321, 323, 93 N. W. 302, 60 L. R. A. 401, 97 Am. St. Rep. 321, where liability was refused

in the case of a child injured by a city employee engaged in cutting weeds in an alley, and the court held that in the matter of its control over streets and alleys within corporate limits the town was in the exercise of its police powers. Demurrer to the petition was sustained and affirmed by this court. Citing cases.

It seems to us that the ruling in the McFadden case comes very near to reaching the point in issue. The case holds, in general, that where a city in the exercise of its police power employs one to clear the obstructions from an alley, it does not become liable in damages for personal injury caused by the negligence of an employee. The court said:

"It is well settled that where an act done by an officer or employee of a municipal corporation is essentially in the line of the performance of an official duty, public in character, the municipality cannot be made liable for a tort committed or wrong done by such officer or employee while engaged as such in the performance of the duty in question. That acts done in the execution of police powers and in the enforcement of police regulations are in the nature of the performance of a service for the benefit of the general public cannot well be questioned. In this connection it has been held that: 'The grounds of exemption from liability are that the corporation is engaged in the performance of a public service, in which it has no particular interest, and from which it derives no special benefit or advantage in its corporate capacity, but which it is bound to see performed in pursuance of a duty imposed by law for the general welfare of the inhabitants or of the community;' * * *."

The opinion goes further, citing various cases including Condict v. Jersey City, 46 N. J. Law 157, which refers to carting refuse to a dumping ground. See other cases cited.

We need not go further into the authorities which, as we have stated, are divided on the proposition, but it seems to us to be reasonable that where, as in this state, it is a statutory duty of the City to see that the streets are in condition for safe travel, that in performing that duty, for which a failure will render it liable, it should not be confronted with the threat of damages for negligence of its employees in its performance.

We are satisfied that in obeying the law the manner of its performance is a governmental and not a ministerial function. It is the duty of the municipality to maintain its streets in good condition, and under the general holdings of this court the municipality is responsible for the results, but no statute or rule prescribes the manner in which that result shall be accomplished. That, naturally, must be left to the judgment of the public authorities, and in the exercise of that particular function it must be acting in a governmental capacity.

A distinction is well made in the case of City of Wooster v. Arbenz, 116 Ohio St. 281, 290, 156 N. E. 210, 213, 52 A. L. R. 518, cited by the defendant:

"By the weight of authority, as well as upon principle, we have reached the conclusion that streets and highways are public and governmental institutions, that in the absence of statutes there would be no liability for failure to maintain them, that it is only by reason of statutes that municipalities have been held responsible in damages for injuries caused by defects in streets, and that this statutory liability by its terms extends only to damages caused by defects in the streets themselves, and does not extend to the negligence of the agents and servants of the city while in the act of making repairs and improvements."

It has been urged in various jurisdictions and is indirectly, if not directly, urged in the argument in this case, that the rule of nonliability prevailing in many jurisdictions is contrary to the progressive spirit of our modern holdings. With a rule which is so well established and is so much a part of the law in relation to municipal corporation, we see no reason why there is any crying necessity for a change. While the original basis may have been the nonliability of the sovereign power, yet it has stood the test of years and has been approved by the judgment of the courts for many years. The municipal corporation, in the exercise of its powers, must necessarily be granted the right to exercise many of those powers in a judicial capacity, and in such exercise should be allowed some measure of discretion. It is responsible for the condition of the streets, but not for the manner of performance of that duty, which is discre-

tionary. For this reason we feel that we should definitely adopt the majority rule. Adopting the language of City of Wooster v. Arbenz, supra, we must hold that the ruling of the district court was correct.

The defendant in this case has appealed from the ruling of the district court in overruling defendant's motion to strike all of paragraph 2 of plaintiff's petition. Paragraph 2 referred to sets out various references to the Municipal Code of Des Moines relating to the operation of a motor vehicle upon the streets, and especially naming as one of the streets, Beaver Avenue from Forest Avenue to Douglas Avenue, and forbidding the backing of a vehicle into an intersection or over a crosswalk. This refers only to negligence in such operation, but there is no appeal from the defendants who were the drivers of the truck.

As to the City of Des Moines, our ruling disposes of its liability. The city has no further interest in the question of negligence. Therefore, we see no reason for passing upon the action of the district court in this respect. Holding as we do, the district court is affirmed on both appeals.—Affirmed.

All JUSTICES concur.