### THE CITY OF GRAND RAPIDS v. GEORGE L. WYMAN.

*Injury from defect in highway—Municipal negligence.*

A city under the statute of 1879, (Gen. Laws, p. 223), is liable to a party who is injured by reason of a defect in one of its streets along which he is passing : *Burnham v. Byron,* post, p. 555.

In an action for such an injury it is not proper evidence on the part of the defence that persons living in the immediate vicinity had not noticed the defect, which had existed for several days.

The plaintiff was permitted to show, as bearing on the question of municipal negligence, that similar defects had often been suffered to continue for a considerable time without attention. *Held,* no error.

Error to Superior Court of Grand Rapids. Submitted June 28. Decided Oct. 5.

CASE. Defendant brings error. Affirmed.

City Attorney *William J. Stuart* and *Stuart & Sweet* for plaintiff in error.

*H. H. Drury* and *E. A. Maher* for defendant in error.

COOLEY, J. The defendant in error recovered judgment against the city of Grand Rapids for an injury occasioned by his horse stepping into a hole in one of its streets while he was riding along the street on horseback. His evidence tended to show that the hole was dangerous, and that it had existed for some ten days without any steps being taken by the city authorities to fill up or cover it. The city contested its liability for such injuries in all cases, and also took some special exceptions to the proofs, which were made to show negligence in this particular instance.

It was decided in *Detroit v. Blackeby* 21 Mich. 84, that municipal corporations in this State were not liable to those who, in making use of the public streets, were injured in consequence of the streets being out of repair. Since that decision the Legislature has twice acted upon the subject,

and by an act passed at the session of 1879, has clearly evinced its intent that townships, cities and villages shall make compensation for such injuries. The legislation is explained in *Burnham v. Byron,* post, p. 555, decided herewith. Whatever doubts may have heretofore existed respecting the liability of the municipalities for injuries occasioned by neglect to keep the public ways in repair, must be considered as finally settled by this legislation.

Numerous exceptions to the rulings of the court in the admission and rejection of evidence appear in the record, but in most cases the court was acting within its legitimate discretion and its decision was final. A few rulings will be noticed. The hole into which the plaintiff's horse stepped was shown to have been in existence some ten days, but the defence offered to show that persons living in the immediate vicinity had not seen it. The proposed evidence was not received. There might have been no error in receiving it, but it could have had no real significance. It was the duty of the city to look after such defects in the streets, and it might be negligent- in allowing such a hole to remain though the immediate neighbors had never had their attention attracted to it. The defence also offered to show that there were but two street commissioners for the whole city, and upon this showing it was proposed to argue that there was no corporate negligence because these two officers, however active and diligent they may have been, could not possibly supervise the streets of so large a city so as to discover at once and remedy all such defects. But no such argument was admissible. The statute having imposed the duty of repair and the liability for neglect, the city at its peril must do whatever is needful to protect itself against actions for injury. As bearing upon the question of negligence, the plaintiff was suffered to show that similar defects were frequently suffered to continue for a considerable time without attention from the public authorities. This evidence might well have been excluded, for it was wholly immaterial. The jury had nothing to do with any negligence except that which had resulted in the injury counted upon; and the neglect in

this case was shown by the defect being left so long without attention, and was neither greater nor less because of previous carelessness or previous attention. But we do not see how the evidence could do injury. No importance was attached to it in submitting the case to the jury.

The defect in the street was outside, but on the border of the wagon track, and the defence sought to raise a question of contributory negligence; but there was no room for it on the evidence. The case was fairly tried and we discover no error.

The judgment must be affirmed with costs.

The other Justices concurred.