TEMBY v. CITY OF ISHPEMING.

1. HIGHWAYS AND STREETS — MUNICIPAL CORPORATIONS — OPEN SPACE ADJOINING SIDEWALK.

Where a building was not constructed to the street line, and the intervening space was used by the owner of the building for his own purposes, and there was no showing that the city exercised any control over it, or had constructed a walk over it, the city was not estopped from denying that the space was part of its sidewalk, to be kept in repair by it.

2. MUNICIPAL CORPORATIONS—BILLBOARDS.

A city is not liable, under section 3441, 1 Comp Laws, for injuries resulting from the maintenance of a billboard by a property owner on a space between the street line and the building.

Error to Marquette; Stone, J.    Submitted April 4, 1905.    (Docket No. 4.)    Decided May 12, 1905.

Case by Richard Temby against the city of Ishpeming for personal injuries.    There was judgment for plaintiff, and defendant brings error.    Reversed.

*W. T. Potter*, for appellant.

*Button & Heffernan*, for appellee.

HOOKER, J.   The plaintiff was injured by a billboard which Butler was in the habit of using in front of the doors of his opera house, in the city of Ishpeming, to advertise prospective attractions.   This billboard was 88 inches in length, 44 inches in width, and weighed over 40 pounds.   On each edge, about a foot from the top of the board, a screw hook was placed to fasten into eyes or staples on the beam over the double doors.   The lower end rested upon the sidewalk 18 inches or 2 feet from the building.   The building is 3 feet back from the street line, but the walk extends to the door.   The plaintiff, while passing, was hit and injured by the board, which was blown by the wind against him.   There was some testimony indicating that it was not fastened on this occasion.   A verdict and judgment for the plaintiff resulted from the trial, and the defendant has appealed.   The only question arises over the refusal of the circuit judge to direct a verdict for the defendant.

The undisputed evidence in this case shows that the billboard was wholly outside of the highway and upon private ground.   Before the defendant can be held liable to pay for this injury, it must be shown that it "neglected to keep its sidewalk in reasonable repair and in condition reasonably safe and fit for travel."   No complaint is made that the street or sidewalk was not in proper condition and in a reasonably safe and fit condition for travel, so far as the same was dependent upon the condition of the street itself.   Plaintiff's claim rests on the proposition that, to avoid liability under the statute, the municipality must protect the traveler against dangers from beyond the limits of the highway which make traveling unsafe.

The only theories upon which defendant can be held liable in this case are: (1) That all of the sidewalk was a portion of the highway, or (2) that the billboard was a nuisance, which the city might and should have abated.

There is no testimony tending to show that the three feet of ground upon which the billboard stood was a part of the highway, or that the city so treated it.   Nothing in-

dicates that it exercised any control over it, or that said three feet was covered by any walk that it built or ordered. This area in front of the opera house appears to have been an exception, other buildings extending to the line of the highway. It is not unreasonable to suppose that it was left for the accommodation of the owner's patrons, and it is shown that the owner exercised dominion over it by the use made of the billboard, if in no other way. The city had no lawful right to require its use for a street, or to prevent the owner from using it in connection with his opera house in any lawful way. We cannot say from the record that the city should be estopped from denying that this strip was a part of its sidewalk, to be kept in repair, etc., by it.

We must then inquire whether the liability can be sustained upon the ground that it failed to abate a nuisance. In its construction of the statute (1 Comp. Laws, § 3441), which has been somewhat liberal, this court has never gone so far as to hold that it requires the municipality to protect a traveler against dangers which result entirely from the use made of abutting premises by their owners, and which cannot be avoided by barriers or some other effective mode of construction of the highway. It may be reasonably said that a highway is not reasonably safe which has no barriers separating it from a pit or cellar on adjoining premises, and in such a case the liability rests, not on a failure to abate a nuisance, but an inadequate highway. The city may, and should, perhaps, build the barrier, but it has no authority to trespass upon the abutter and fill up his cellar.

In *Hixon* v. *City of Lowell*, 13 Gray (Mass.), 61, this subject is discussed by Mr. Justice Hoar. The statute provided that "all highways, town ways, causeways and bridges within the bounds of any town" are required to "be kept in repair at the expense of such town, so that the same may be safe and convenient for travelers, with their horses, teams and carriages, at all seasons of the year." That was a case where snow and ice fell from a

building, having gathered there until it overhung the street. The court distinguished the case from the fall of an awning projecting over the street and supported by posts resting upon the sidewalk. The learned jurist said:

"It may not be easy to perceive and state distinctly the difference between the two cases in regard to the liability of the town, but we are all of opinion that there is such a distinction, and that the facts which were proved on the trial will not sustain this action.

"In most cases the town has discharged its duty when it has made the surface of the ground over which the traveler passes sufficiently smooth, level, and guarded by railings to enable him to travel with safety and convenience by the exercise of ordinary care on his own part. There may be many causes of injury, to which he might be exposed in traveling upon such a way, which would not constitute any defect or want of repair in the way itself. In *Vinal* v. *Inhabitants of Dorchester*, 7 Gray (Mass.), 421, it was held that a town was not responsible for an injury caused to the plaintiff by the running of the cars of a railroad company across a public highway, although the railroad was constructed in a manner not allowed by law, and the trains run thereon in a manner dangerous to the travelers on the highway. The town, if it has done its duty in making the way safe and convenient in all the proper attributes of a way, is not obliged to insure the safety of those who use it.

"The traveler may be subjected to inconvenience and hazard from various sources, none of which would constitute a 'defect, or want of repair,' in the way, for which the town would be responsible. He might be annoyed by the action of the elements—by a hailstorm, by a drenching rain, by piercing sleet, by a cutting and icy wind—against which, however long continued, a town would be under no obligation to furnish him protection; he might be obstructed by a concourse of people, by a crowd of carriages; his horse might be frightened by the discharge of guns, the explosion of fireworks, by military music, by the presence of wild animals; his health might be endangered by pestilential vapors or by the contagion of disease; and these sources of discomfort and danger might be found within the limits of the highway, and continue for more than twenty-four hours, and yet that highway not be, in any legal sense, defective or out of repair. It is obvious that

there may be nuisances upon traveled ways for which there is no remedy against the town which is bound by law to construct and maintain the way. If the owner of a distillery, for example, or of a manufactory, adjoining the street of a city, should discharge continuously from a pipe or orifice opening toward the street a quantity of steam or hot water, to the nuisance and injury of passersby, they must certainly seek redress in some other mode than by an action for a defective way. If the walls of a house adjoining a street in a city were erected in so insecure a manner as to be liable to fall upon persons passing by, or if the eavestrough or water conductor was so arranged as to throw a stream from the roof upon the sidewalk, there being in either case no structure erected within or above the traveled way, it would not constitute a defect in the way.

" It is true that the present case finds that the snow had slid from the eaves, so that for more than twenty-four hours before it fell it hung above the sidewalk; but we can see no good reason why the plaintiff should therefore have a claim against the city, any more than if it had fallen directly from the roof without the intermediate suspension.

" The liability of towns for injuries caused by defective ways is created by statute, and is not to be extended, by construction, beyond the limits which a reasonable interpretation of the statute establishes. We are of the opinion that in *Drake* v. *City of Lowell*, 13 Metc. (Mass.) 292, one of those limits was reached, and that where there is no structure, such as, if inconsistent with the safety of travelers, would be an encroachment upon the street, and the way itself is properly constructed, the descent of snow or water from the roof of a building, whether sudden or gradual, does not give a right of action against the town to recover compensation for the injury which it may occasion. It is not, within the meaning of the law, a 'defect or want of repair in the highway.' "

It is doubtless true that a municipality, having the control of the highways and the duty of keeping them in repair, must at its peril remove or guard against perils growing out of defects and obstructions within the highway limits. It has the necessary authority and possession to summarily remove obstructions and other public nuisances therefrom, and the statute imposes a liability for a

failure to do so.   It has, however, neither the possession
nor the authority to invade private premises to summarily
remove such things belonging to the proprietor which
may be thought dangerous.   If nuisances exist on private
premises, it is, in most cases, necessary that legal proceed-
ings be instituted to abate them, and we are of the opinion
that meantime the city cannot be held liable for the con-
sequences of their maintenance.   Redress in such cases
must be sought against the owner.   In the present case it
may be that the landowner is liable.   Certainly, if there
is any actionable negligence, it is his, and no good reason
suggests itself for bringing this action against the city
rather than against him.

We are cited to several cases which are supposed to sup-
port plaintiff's contention.   The one most relied on was
*Cason* v. *City of Ottumwa*, 102 Iowa, 99.   In that case
there is nothing to indicate that the billboard was upon
private property.   Apparently it was in the street, as it
clearly was in the case of *Village* v. *Kallagher*, 52 Ohio
St. 185; *Grove* v. *City of Fort Wayne*, 45 Ind. 429,
was where a cornice overhanging the street fell.   It ap-
parently rests upon a statute making it a municipal duty
to abate nuisances.   It is recognized as an extreme case,
if not discredited, in the case of *City of Anderson* v.
*East*, 117 Ind. 128 (2 L. R. A. 712).   It cites the case of
*Parker* v. *Mayor, etc., of Macon*, 39 Ga. 725, where a
liability was predicated on a failure of the city to remove
a dangerous ruin upon private property, but on the line of
the street—a duty imposed by statute.   Another case (a
billboard by the way) is found in *Langan* v. *City of
Atchison*, 35 Kan. 322.   This also rests upon a statute,
quoted in the opinion, which made it a municipal duty to
take down and remove dangerous structures.   It distin-
guished the case of *Taylor* v. *Peckham*, 8 R. I. 349, which
held the contrary, upon the grounds, *first*, that the city
had no such authority, and, *second*, that the liability was
statutory only in Rhode Island.   The same distinction
may be made in the present case.   In *McLoughlin* v.

*Philadelphia*, 142 Pa. St. 80, a city was held not liable for injury occasioned by the falling of screens upon a child, although left habitually upon the sidewalk.

We are of the opinion that this cause is not within the statute, the accident resulting from no default of the city in keeping its highway in a condition reasonably safe and fit for travel. We think that it was not the legislative intention to impose upon municipalities the duty of supervising the use of abutting premises by their owners, and that sufferers from the negligence of such must look to them for redress, where such negligence has been confined to private premises and not previously affected the physical condition of the highway in such a way as to give notice and require action by the officials of the city.

The judgment is reversed, and a new trial ordered.

MOORE, C. J., McALVAY, GRANT, and MONTGOMERY, JJ., concurred.