TEMBY *v.* CITY OF ISHPEMING.

MUNICIPAL CORPORATIONS — HIGHWAYS AND STREETS — PERSONAL
INJURIES—LIABILITY.

A city is not liable for an injury occurring to a pedestrian
from a billboard being blown upon him from the front of a
building, the board being placed on a space between the lot
line and the front of the building, and there being no evidence
that the city ever exercised any control over the space,
though the sidewalk covered it.

Error to Marquette; Stone, J. Submitted May 2, 1906.
(Docket No. 57.) Decided October 1, 1906.

Case by Richard Temby against the city of Ishpeming
for personal injuries. There was judgment for plaintiff,
and defendant brings error. Reversed, and no new trial
ordered.

*W. T. Potter* and *William Peters*, for appellant.

*C. F. Button*, for appellee.

McALVAY, J. For a complete statement of the facts
in this case and the questions of law involved, reference is
had to our former decision, *Temby* v. *City of Ishpeming*,
140 Mich. 146 (69 L. R. A. 618), when the case was first
before this court. The case is here again after the new
trial which was ordered. When the evidence was closed,
a motion made on the part of defendant to instruct a ver-
dict in its favor was denied, and the case submitted to the
jury, which found a verdict in favor of plaintiff, upon
which a judgment was entered.

The principal error relied upon by defendant at this
time, as upon the former hearing, is upon the refusal of
the court to instruct the jury to find for defendant. The
injury to plaintiff was caused by a billboard, used for

advertising entertainments at an opera house, being thrown by the wind against the plaintiff, who was passing on the street. The billboard was placed wholly outside of the highway, and upon private ground. The opera house building was about three feet back from the street line. The sidewalk extends beyond the street line to the building.

Plaintiff in his brief says:

"The facts as they appear in this case, different from the former case, are substantially as follows: The opera house in front of which this billboard sat is upon the south side of an alleyway, and from said alleyway south along Main street to Division street (the street) is built up by business blocks which are on the same line as the opera house building, and the sidewalk from said alley to Division street was all one sidewalk, extending from the curb flush with the buildings, and while the sidewalk extended in the neighborhood of three feet over the street line, still there was never any difference made between that portion over the line and on private property and that portion in the street. It was all one sidewalk, and under the jurisdiction of the city."

In the former opinion the court said:

"Before the defendant can be held liable to pay for this injury it must be shown that it 'neglected to keep its sidewalk in reasonable repair, and in condition reasonably safe and fit for travel.' No complaint is made that the street or sidewalk was not in proper condition and in a reasonably safe and fit condition for travel, so far as the same was dependent upon the condition of the street itself. Plaintiff's claim rests upon the proposition that, to avoid liability under the statute, the municipality must protect the traveler against dangers beyond the limits of the highway which make traveling unsafe.

"The only theories upon which defendant can be held liable in this case are: (1) That all of the sidewalk was a portion of the highway, or (2) that the billboard was a nuisance which the city might, and should, have abated."

Plaintiff contends that the facts as they appear in the present record bring the case within the first of these theories. The present record does show that the buildings

from the opera house alley to the corner of the block are back on a line with the opera house, being about three feet from the street line; and that the sidewalk extends to the line of the buildings; also that there is no indication on the sidewalk where the lot line is. It is not true that the record shows that "there was never any difference made between that portion (of the sidewalk) over the line on private property, and that portion in the street," at least as far as the opera house property and the lot next adjoining are concerned. The adjoining building was put back to make the building line uniform, and for the purpose of using the space next to the street line for displaying goods, which space was so used by the builder for 14 years. The space in front of the opera house has been used by the owner or lessee for a billboard, and for the display of goods by the occupant of the store part. If counsel for plaintiff means there was never any difference made by the city in its treatment of the walk inside and outside the lot line, such claim is answered by the fact that the record is barren of any proof which shows that the city ever exercised or attempted to exercise any control over this sidewalk. It is undisputed that the public walked over it when going into the premises, and also, if not used by the occupants, when passing along the street. The sidewalk, as far as the record shows, was built by abutting owners without order or supervision by the city. It is not necessary, nor will it be of any benefit, to quote the testimony relied upon by plaintiff. That of the city surveyor is given as indicative of its character.

"*Q.* Have you ever known of the city making any difference as to taking care of and using the part for a public way between the curbs and the edge of the buildings?

"*A.* No, sir.

"*Q.* As a matter of fact there never has been any difference?

"*A.* No, sir."

This does not amount to affirmative testimony showing that the municipality assumed or exercised any control or

care over the sidewalk in dispute. The case was submitted to the jury by the court in his charge to determine as a question of fact whether the city "had assumed control over that part of the sidewalk towards the lot, and over the city street line. Had the city treated the place as a part of the highway or sidewalk? Did it exercise control over that part as well as the remainder of the sidewalk?" The evidence in the case did not warrant this charge. The request to instruct a verdict for defendant should have been given. The case presented by this record being no different from that before us when the former decision was rendered, a reference to that decision will show the conclusions of this court upon the questions involved.

The judgment is reversed, and no new trial ordered.

BLAIR, MONTGOMERY, OSTRANDER, and HOOKER, JJ., concurred.