BROWN v. CITY OF ST. JOHNS.

1. MUNICIPAL CORPORATIONS—NEGLIGENCE—HIGHWAYS AND STREETS
    —PROXIMATE CAUSE—DIRECTED VERDICT.
    In an action for personal injuries against a municipal cor-
      poration for negligence in failing to keep a street and side-
      walk in a condition reasonably safe and fit for public
      travel, in that it failed to remove a quantity of sheet steel
      which stood upon the walk for a long time and which
      tipped over and injured plaintiff while he was passing,
      the trial court was in error in directing a verdict for de-
      fendant on the ground that the acts of boys in moving the
      steel was the proximate cause of the injury and relieved
      the defendant from liability, notwithstanding its negli-
      gence.[1]

2. SAME—QUESTION OF FACT.
    The evidence offered by plaintiff as to the condition of the
      sidewalk and the position in which the steel stood pre-
      sented a question of fact for the jury as to whether the
      street was reasonably safe for public travel.

Error to Clinton; Searl, J.  Submitted November 18,
1914.  (Docket No. 113.)  Decided September 28,
1915.

Case by James E. Brown against the city of St.
Johns for personal injuries.  Judgment for defendant
on a directed verdict.  Plaintiff brings error.  Re-
versed.

*William M. Smith* and *Frank L. Dodge,* for appel-
lant.

*Dean W. Kelley* (*Edwin H. Lyon,* of counsel), for
appellee.

BIRD, J.  On the evening of June 3, 1913, plaintiff,

[1] As to responsibility of municipality for injury from falling
object in street, see note in 20 L. R. A. (N. S.) 644.

with a companion, was walking west on the north side of Walker street, in the city of St. Johns. While passing Fowler & Ball's hardware store, a quantity of sheet steel weighing about 600 pounds, and resting on edge and leaning against the store, tipped over and fell onto plaintiff, breaking his leg, and otherwise injuring him. He brought this action against the city, charging it with negligence in failing to keep the street and sidewalk in a condition reasonably safe and fit for public travel. Upon the trial testimony was received which was open to the inference that the cause of the steel tipping over was due to the acts of some young boys who were chasing a rat. This was the only testimony offered to account for its falling. The trial court concluded that to be the only reason for its falling, and held the act of the boys to be the proximate cause of plaintiff's injuries, and that under these circumstances the city was not liable, and accordingly a verdict was directed for defendant.

Plaintiff's counsel insist that the trial court was wrong in this position. They contend that there was no one near the steel when it tipped over, and they further contend that, even though it be admitted that the boys caused the steel to tip over, still they were entitled to take the judgment of the jury on the question as to whether the city was negligent in permitting the steel to remain on the sidewalk in such a precarious position. We have therefore presented the question whether defendant was negligent by omission in permitting 600 pounds of steel, 30 inches in height, to stand on the sidewalk in so nearly an upright position that the ordinary use of the sidewalk would be liable to tip it over on to pedestrians.

The position of the appellant appears to me to have much force. It is not questioned that the steel was placed on the sidewalk and near the traveled part thereof. Neither is it questioned that it had remained

in that position for a long time. There was testimony to the effect that, while it leaned slightly against the building, it stood so nearly upright as to be easily toppled over. If it can be said, as a matter of fact, that the position of the steel was a dangerous one to passersby, then the failure of the city to remove it was a negligent act, which would make it liable in this action.

The duty of municipalities, under section 3441, 1 Comp. Laws, has been commented on by this court as follows:

"It is doubtless true that a municipality, having the control of the highways and the duty of keeping them in repair, must at its peril remove or guard against perils growing out of defects and obstructions within the highway limits." *Temby* v. *City of Ishpeming,* 140 Mich. 146 (103 N. W. 588, 69 L. R. A. 618, 112 Am. St. Rep. 392).

In the course of the discussion of a similar case by the Illinois court it was said:

"If I am guilty of negligence in leaving anything dangerous in a place where I know it to be extremely probable that some other person will unjustifiably set it in motion to the injury of a third, and if that injury shall be so brought about, I presume that the sufferer might have redress by action against both or either of the two, but unquestionably against the first." *Weick* v. *Lander,* 75 Ill. 93.

See, also, *City of Osage City* v. *Larkin,* 40 Kan. 206 (19 Pac. 658, 2 L. R. A. 56, 10 Am. St. Rep. 186).

And if it should be determined by a jury that the public street was not in a reasonably safe condition for public travel by reason of the position of the steel, the city would be liable, even though the acts of the boys concurred with that of defendant's in causing the injuries. 29 Cyc. p. 496; *Detzur* v. *B. Stroh Brewing Co.,* 119 Mich. 282 (77 N. W. 948, 44 L. R. A. 500).

The question as to whether the sidewalk was in a condition reasonably safe and fit for public travel

should have been submitted to the jury. It was within the province of the jury to say in what position the steel actually stood, and whether that position rendered the street unsafe for public travel. This view of the case makes it unnecessary to consider the other assignments of error.

The judgment is reversed and a new trial ordered.

BROOKE, C. J., and KUHN, STONE, OSTRANDER, MOORE, and STEERE, JJ., concurred.

The late Justice MCALVAY took no part in this decision.