DAHMER *v.* CITY OF MERIDIAN ET AL.

[71 South. 321.]

1. MUNICIPAL CORPORATIONS. *Injuries to pedestrians. Liability of city and licensee. Injuries on sidewalks.*

Where plaintiff was injured while walking along a sidewalk by a billboard being blown over on him he had no cause of action against the city nor a party who by contract with the lessee of

the lot on which the billboard stood, had the privilege of using it for advertising purposes, his cause of action if any was against the lessee of the lot.

2. SAME.

In such case the billboard being on private property and not obviously dangerous to pedestrians and the city having no notice whatever that it was defective or dangerous and it appearing reasonably safe, the city was not negligent and not liable to a pedestrian walking along a sidewalk for injuries sustained by such billboard being blown over upon him.

APPEAL from the circuit court of Lauderdale county. HON. J. L. BUCKLEY, Judge.

Suit by Claud L. Dahmer against the City of Meridian and another. From a judgment for defendants, plaintiff appeals.

One Hester was the owner of a lot in the city of Meridian upon which a billboard had been erected by one Hopper, who afterwards died. The property was afterwards leased to one Louin, who entered into a contract with appellee, Ziller, whereby Ziller secured the privilege of using said billboard. The billboard was fastened to posts and was about two and one-half feet from the sidewalk. Appellant, while walking along the sidewalk holding an umbrella over him to protect him from the rain, was struck by the billboard, which was blown over across the sidewalk, and received the injuries sued for. The suit was brought against the city of Meridian and Ziller jointly, being an action in tort for damages for personal injuries, plaintiff claiming that the accident was caused by the negligence of Ziller in maintaining an insecure and unsafe billboard, and that the city was liable for permitting Ziller to maintain a dangerous billboard in close proximity to the sidewalk.

The city of Meridian gave notice under a plea of general issue that it would show that the billboard was located on private property, and was not apparently dangerous to pedestrians, and that no complaint had been made of its being insecure, and that it was not a

nuisance, and that it was not imminently and obviously dangerous, and that the city was without authority to abate it as a nuisance, and that the city was therefore not liable.

Ziller defended upon the grounds that he had only leased the privilege of posting signs on the billboard which did not belong to him, was not erected by him, and was not his land or land leased by him, and that nothing he had done had made the billboard less secure.

After the plaintiff had introduced his evidence, there was a peremptory instruction for defendants, and plaintiff appeals.

*Fewell & Cameron,* for appellant.

The main questions to be decided by this court are as follows: First, was the city of Meridian under any duty to its citizens and pedestrians going along and over its public sidewalks to exercise due care to protect such pedestrians from being injured by the falling of such a sign board; as the testimony shows, was the sign board inflicting the injury upon the plaintiff in this case? Second, was the appellee, Ziller, under any duty to have so erected the sign board in question and having fastened same securely so as to prevent it falling or being blown down upon a pedestrian walking along the public sidewalks of the city of Meridian? Third, if either of the defendants in this case were under any duty to the plaintiff under the circumstances, were they negligent in performing their duty and was the question of their negligence under the facts of this case, one for the court or for the jury?

It is stated in Abbot's Municipal Corporation, section 1023 as follows: "Injuries may occur through falling objects thrown from buildings near a highway or by the fall of dangerous objects directly contiguous to or upon a walk, a liability seems to exist in this case." 33 Rep. 491, 92 Am. St. Rep. 900, 69 Miss. 22, 67 Miss. 99, Am. Dec. 486, 56 Am. Rep. 443.

We respectfully submit that the case of *Reynolds* v. *Van Burin,* 42 L. R. A. (N. S.) 129 has no application whatsoever to the facts of this case and even if it did that is not the law of Mississippi. And even in this case it is stated that had the owner of the sign had any thing to do with the building of same that he would have been liable.

We take it that the trial court in this case took the position that the doctrine of *res ipsa loquitur* did not apply to this case for some reason unknown to appellant's counsel and in this we submit the trial court was in error, see *Spangler* v. *Williams,* 67 Miss. 1; *A. & V. Ry.* v. *Groom,* 97 Miss. 201.

We especially call the court's attention to the case of *Carrie Waller* (Minn.), 12 L. R. A. (N. S.) page 721, and the very valuable and exhaustive note to said case and to the case of *McCrorey* v. *Garrett* (V. A.), 24 L. R. A. (N. S.), page 139. In both of these last cases the court will note that the doctrine of *res ipsa loquitur* was applied.

For the sake of the argument, lets assume that the doctrine of *res ipsa loquitur* did not apply in this case, then we submit to this court that the question of negligence of both defendants was a question for the jury and not for the court. How it could be argued that it was not negligence for a city to permit such an object as the one in question to remain close to its sidewalk, especially in view of the condition of the object and the ground around it is entirely beyond the imagination of counsel and whether the city had actual knowledge of the conditions or whether the conditions had existed for such a length of time as to charge it with knowledge were questions for the jury assuredly.

When the defendant, Ziller, tacked on his metal sign he did so at his peril, at least he was under duty to see that the fence or board to which he tacked same were reasonably safe and sound and he was under the duty

to maintain said sign and its supports in a reasonably safe condition.

All of these questions we submit to the court were questions for the jury and we further submit to your honors that it was shown in this case that the supports and timbers to which this heavy sign was attached were rotted to such an extent as to make a dead fall out of the bill board; so even without the aid of the doctrine heretofore referred to, the question of negligence *vel non* under the circumstances of the case was one for the jury and not for the court. On page 7 see opinion of Judge Smith in *Railroad* v. *Daniels,* as follows:

"The height to which evidence must rise in the scale of proof in order to entitle a party litigant to a peremptory instruction, is of course, very much greater than that to which it must rise in order to entitle such a party to the verdict of a jury. In *Swan* v. *Liverpool, etc. Co.,* 52 Miss. 707, this court quoted with approval the following statement made in *Perry* v. *Clarke,* 5 How. 500, with reference to the circumstances under which a peremptory instruction should be given: "The evident tendency of all the cases is against the exercise of such a power as that claimed in the present instance, unless in cases where there can be no room for doubt, and this is the extent to which they go. To this we yield our unqualified assent. It is a delicate power, and one which should be used with the greatest possible caution. If there be any room for doubt, such a charge ought not to be given." Again, in *Whitney* v. *Cook,* 53 Miss. 559, it was said: "Such an instruction is proper only where all the facts in evidence being taken as absolutely true every just inference from them failed to maintain the issue."

We feel that the further citation of authorities or a further decision of the facts and circumstances and the law of this case would only be adding to the already great burden of this court and in view of the ground

covered by the notes to the cases in L. R. A. We respectfully submit that enough has been said.

In conclusion we call the court's attention to other decisions of our supreme court that have at least a slight bearing upon the case at bar. 54 Miss. 391, 64 Miss. 777, 67 Miss. 4, 69 Miss. 561, 82 Miss. 583, 80 Miss. 485, 86 Miss. 630, 89 Miss. 121, 90 Miss. 310.

*Aimis & Dunn,* for appellee.

The only duty which rested upon the city related to the safety of the sidewalk along which the plaintiff was traveling at the time of his injury. That duty was to exercise ordinary care to keep and maintain the sidewalk in a reasonably safe condition for the use of persons exercising ordinary care and caution. See *City of Meridian* v. *Crook,* 69 So. 182; *Vicksburg* v. *Hennesey,* 54 Miss. 391; *Nesbit* v. *Greenville,* 69 Miss. 22; 2 Dillion, Mun. Corp. 1006.

Before the plaintiff in this case was entitled to recover as against the city it was incumbent upon him to prove that the city had violated this duty. In other words that it had failed to exercise ordinary care to keep and maintain the sidewalk in a reasonably safe condition for the use of persons exercising ordinary care and caution. The mere fact that the bill board blew down on him and hurt him is no proof of the negligence of the city. Under the doctrine of *res ipsa loquitur* it might be proof of negligence in the construction and maintenance of the bill board which fell, but the city was not charged under the law with the duty either of construction or maintenance of the bill board located on private property. That was a duty which rested upon the owners of the private property and the user of the bill board.

The doctrine of *res ipsa loquitur* does not apply in this case as against the city for the reason that the bill board was not constructed by the city, nor was it on the city's property, nor was it under the supervision, con-

trol or use of the city. In the case of *Scott* v. *Docks Company*, 2 H. & C. 596, Erle, Justice, says: "When the thing is shown to be under the management of the defendant or his servants, and the accident is such as in the ordinary course of things does not happen if those who have the management, use proper care, it affords reasonable evidence, in the absence of explanation by the defendant that the accident arose from want of care. See 1 Thompson on Negligence, section. 15.

Wigmore on Evidence, section 2509, gives the cases in every state, and advances the following considerations that ought to limit the operation of the rule: "1. The apparatus must be such that in ordinary instances no injurious operation is to be expected unless from a careless construction, inspection or user. 2. Both the inspection and user must have been at the time of the injury in the control of the party charged."

In the exhaustive note to the case of *Cincinnati Traction Company* v. *Holzenkamp*, reported in 113 American State Reports, pages 986 to 1031 inclusive, Judge Freeman at page 996 says: "Necessity for defendant to have been in control of the agency causing the accident. Where an unusual and unexpected accident happens, caused by machinery under the exclusive management or control of the defendant, the accident speaking for itself creates a presumption of negligence. *Chicago City Railway Company* v. *Eick,* 111 Ill. App. 452; *Bevis* v. *Bolt etc. Railroad Company,* 26 Mo. App. 19; *Breen* v. *New York etc. Railroad Company,* 109 N. Y. 267; *Deming* v. *Merchants Cotton Company,* 90 Tenn. 306; *Houston* v. *Brush,* 66 Vermont, 331; *Rintaul* v. *New York Central Railroad Company,* 17 Fed. 905; *Sanjuan Light & Transit Company* v. *Belen Requena,* 224 U. S. 89.

We therefore conclude that since the bill board in question was located on private property, was owned by private individuals, and was under their exclusive

control, use and dominion, that the doctrine of *res ipsa loquitur* does not apply as against the defendant, the city of Meridian, in this case.  We further conclude that since the plaintiff did not prove any negligence at all against the city or on the part of the city, and that so far as the record in this case shows the city did not violate its duty to the plaintiff with reference to the maintenance of the sidewalk in question, then that the peremptory instruction to find for the defendant city of Meridian was properly granted.  5 Thompson on Negligence, section 6098.

We concede that if a building standing adjacent to or near a sidewalk or street has been burned and the walls cracked so as to be apparently and obviously dangerous, that it then becomes the duty of the city to abate the same as a nuisance, so as to insure the safety of the highway; but we contend that it is not the duty of the city to abate buildings, bill boards or any other thing on private property adjacent to a sidewalk or street where there is nothing to reasonably indicate or to cause a reasonable person to conclude that the same is likely to fall upon the street or sidewalk and thereby endanger the safety of persons traveling along the highway.

*Neville, Stone & Currie,* on behalf of the appellee, Ziller.

We submit that there are only two theories under which Ziller could be held liable for the injury complained of: First, because the simple privilege of posting signs on the surface of an object carries with it the legal duty of keeping such object in a proper state of repair for the safety of the traveling public; and second, because Ziller impaired the safety and security of the sign board in question by the work done on it, and therefore was under the legal duty of keeping said board in a proper state of repair, up to the time of this injury, for the protection and safety of the traveling public.

We will discuss these two propositions in their order;

FIRST PROPOSITION: We do not think counsel for appellant can cite any reputable authority to the effect that a mere license to use the surface of an object carries with it a legal duty to the public of keeping in safe condition the object itself. Such a duty is one running, as it were, with the land on which the object may stand and is imposed by law upon the owner of the land, or upon the lessee thereof in possession.

Let us take a concrete case: A. Buys the privilege of posting bills on the surface of B's brick wall, and posts his bills thereon; A. Enjoys a license, but would any one contend that such enjoyment carried with it the duty to the public of keeping the entire wall in safe condition, for the protection of the traveling public? We think not, and we submit, under the first proposition that no liability could arise against this appellee thereunder.

In support of this proposition we call the court's attention to the case of *Reynolds* v. *Van Buren,* reported in 42 L. R. A. (O. S.), page 129.

SECOND PROPOSITION: In support of this proposition we desire to say, once more that the record in this case does not show that the board in question was in any manner made less secure by any work done on it by Ziller. If we are correct in this position we submit that there can be no liability against this appellee, Ziller, for the reasons assigned under the first proposition.

But for argument's sake, let us suppose that the proof does show that the work done on said board did in fact render said board less secure, and more liable to fall; would liability follow such concession? With this thought in mind, let us review, a little the facts of the case, and see what rules of law control. The record shows that this work was done by Ziller without any authority or permission from Hester, or from any one with authority to give such permission.

Under these facts the parts put on said board by Ziller became the property of Hester, with no legal right in Ziller to remove same, because he did said work as a trespasser.

The common law rule is as follows: "Property may accrue from the fraud and folly of another; as where persons with an evil intent, or through ignorance, build their own timber on another's soil. In such case what is built shall be the owner's of the soil, upon the presumption that they are given to him. But if any one perceives his folly he may lawfully remove his timber, so as he does it before our writ of prohibition comes to him, and before the timber is fastened with nails."

In the case of a common trespasser, the owner of the land may take and keep his structures *nolens volens.* *R. R. Co.* v. *Hoskins,* 80 Miss. 739.

The surface of this bill board when nailed on by Ziller became a part of Hester's board, and was as such Hester's property, and when Hester leased the property upon which it stood to Louin & Son, in February, 1912, the lease carried with it the right in Louin to the use and possession of said completed board. We do not think our friends will deny this proposition. *Reynolds* v. *Van Buren,* 42 L. R. A. (O. S.) 129.

Counsel for appellant in their brief say that the above authority has no bearing upon the facts of this case, and if it does it is not the law of Mississippi.

We desire to call the court's attention to the fact that the contract construed in the Reynolds case is the same in its terms and conditions as the contract executed between Ziller and Louin & Son, and the facts of the two cases are very similar, and we submit that the argument of the court in the Reynolds case is unanswerable. We submit our case upon that authority, and respectfully request that this court carefully read the same.

HOLDEN, J., delivered the opinion of the court.

This is an appeal from the circuit court of Lauderdale county. The appellant, Claude L. Dahmer, plaintiff in the court below, sued the city of Meridian and Fred R. Ziller for damages for personal injuries, on account of a billboard being blown over on him while walking on the sidewalk. After the plaintiff had introduced all his evidence, and rested, the court, on request of the defendants, granted a peremptory instruction to the jury to find for the defendants, from which action of the court the plaintiff appeals here.

First. The testimony introduced by the plaintiff in the lower court makes this case, on the facts, so similar to the case of *Reynolds* v. *Van Beuren,* 155 N. Y. 120, 49 N. E. 763, 42 L. R. A. 129, that we refer to the facts stated in that case, and hold here that the rule announced there is sound and reasonable, and we adopt it as the law in the case before us. If the appellant is entitled to any redress for the personal injuries received by him, it seems clear to us that he should have proceeded against the lessee in possession of the property, and not against the appellees.

Second. The record discloses no testimony tending to show that, the city of Meridian was guilty of any negligence whatever. The billboard which fell upon appellant was on private property, and, if we concede that the city had authority, and that it was its duty to abate an obvious danger on private premises, this was not an obvious danger to pedestrians using the sidewalk of the city. The city had no notice whatever that the billboard was defective or dangerous; on the other hand, it appeared to be reasonably safe. *Temby* v. *City of Ishpeming,* 146 Mich. 20, 108 N. W. 1114; *City of Meridian* v. *Crook,* 69 So. 182, L. R. A. 1916A, 482.

*Affirmed.*