BUHLER *v.* CITY OF DETROIT.

1. MUNICIPAL CORPORATIONS—PRESENTATION OF CLAIMS—INVESTIGATION—REASONABLE TIME.

   On appeal from judgment for plaintiff for injuries sustained when storm sewer manhole cover tilted and let her fall through opening, finding of trial court that plaintiff who had duly presented her claim to city council and had waited 31 days thereafter before commencement of action for damages had given council a reasonable time to investigate is affirmed where council had been required to meet 22 times in committee of the whole and four times in regular session in such interval (1 Comp. Laws 1929, § 4230; Detroit Charter, title 3, chap. 1, § 6, title 6, chap. 7, § 11).

2. APPEAL AND ERROR—MUNICIPAL CORPORATIONS—PRESENTATION OF CLAIMS—INVESTIGATION—REASONABLE TIME—FINDING OF COURT.

   What is a reasonable time for investigation of a claim against a city is a matter upon which reasonable minds might differ where facts are in dispute and Supreme Court, on appeal, will not, under such circumstances, ordinarily substitute its determination for that of trier of the facts (1 Comp. Laws 1929, § 4230).

3. MUNICIPAL CORPORATIONS—LIABILITY FOR DEFECTIVE SIDEWALKS AND STREETS.

   The liability of municipalities for injuries caused by failure or neglect to repair sidewalks and streets in this State is created by statute (1 Comp. Laws 1929, § 4223).

4. SAME—HIGHWAYS AND STREETS—REPAIRS—PRESUMPTION OF NOTICE.

   Defect in storm sewer manhole cover which permitted it to tilt and let person through opening with danger of injury ensuing and which had existed in such condition for a period of 30 days or longer, created conclusive presumption that city had notice thereof and a reasonable time in which to repair it (1 Comp. Laws 1929, § 4223).

5. SAME — NEGLIGENCE — PROXIMATE CAUSE — CONTRIBUTORY NEGLIGENCE—FINDING OF COURT—EVIDENCE.

   In action by woman who was injured when storm sewer manhole cover, located between curb and sidewalk in defendant city, tilted so as to let her fall through opening, evidence *held*, sufficient to sustain finding of trial court, sitting without a

jury, that proximate cause of injury was defendant's negligence in failing to keep the manhole cover in proper repair and his rejection of claims that it was due to acts of boys removing it and failing to properly replace it and that plaintiff was guilty of contributory negligence (1 Comp. Laws 1929, § 4223).

Appeal from Wayne; Richter (Theodore J.), J. Submitted October 9, 1935. (Docket No. 27, Calendar No. 38,538.) Decided January 6, 1936.

Case by Eleanor Buhler against the city of Detroit, a municipal corporation, for personal injuries caused by negligence in maintenance of storm sewer manhole cover between curb and sidewalk. Judgment for plaintiff. Defendant appeals. Affirmed.

*Dennis H. Dwyer* and *Kenneth Swift* (*Ross D. Wolcott* and *Vandeveer & Vandeveer,* of counsel), for plaintiff.

*James R. Walsh,* Assistant Corporation Counsel (*Raymond J. Kelly,* Corporation Counsel, of counsel), for defendant.

BUSHNELL, J. This is an action to recover damages against the city of Detroit because of its alleged negligence in the maintenance of streets and sidewalks. On a rainy night, September 15, 1934, plaintiff, who was about to visit a friend, alighted from an automobile and, in crossing from the curb to the sidewalk, stepped on a storm sewer manhole cover. The cover tilted and she fell into the opening and was injured.

A written claim was filed with the common council on October 9, 1934, as required by 1 Comp. Laws 1929, § 4230, and referred by it to the corporation counsel who thereupon began an investigation. Plaintiff's attorney testified that he called the city hall November 7, 1934, to inquire about the case and was informed by a girl, who looked into the matter,

that the claim had been denied. Suit was commenced by declaration two days later. The city filed an answer on November 21st, admitting that the claim was properly filed, but denying that it was called before the common council, or that plaintiff complied with the charter and statutes. It insists, therefore, that plaintiff is not properly in court and the suit should be dismissed.

Plaintiff's subsequent motion to advance the cause for early hearing was granted and a trial without a jury resulted in a finding of defendant's liability and judgment thereon for $2,000.

Defendant contends that the common council did not have a reasonable time to pass upon the claim.

Title 6, chap. 7, § 11, of the city charter reads in part:

"It shall be a sufficient bar and answer to any action or proceeding in any court for the collection of any demand or claim against said city * * * that the action or proceeding was brought before the common council had a reasonable time to investigate and pass upon it."

From *Springer* v. *City of Detroit,* 118 Mich. 69, we quote the following:

"It is evident there could be no lawful cause of action until these conditions had been complied with. Who shall say what constitutes a reasonable time? In a small town, where there would be only an occasional case of this character, and the witnesses would be accessible, much less time might be a reasonable time than in a large town, where there were many claims to be investigated, and where the witnesses were scattered."

The present suit was commenced 31 days after the filing of the claim and in this interval the council was required to meet 22 times in committee of the

whole and four times in regular session. See title 3, chap. 1, § 6, charter of the city of Detroit.

The trial judge found that under the proofs and circumstances, plaintiff had waited a reasonable time before instituting her action. What is a reasonable time in this case where the facts are disputed is one upon which reasonable minds might differ. *Christie* v. *Crawford,* 152 Mich. 400. We are not ordinarily inclined to substitute our determination for that of the trier of the facts, especially when there is a conflict of testimony. *Paton* v. *Stealy,* 272 Mich. 57.

In approving the finding, that a reasonable time had elapsed in this instance, we do not include approval of the apparent disregard of Canon No. 19 of the American Bar Association's Canons of Professional Ethics, or the manner in which it was ascertained that the claim was to be disallowed. We do assume, however, that when the motion to advance was heard, some three months after the claim was filed, that the city's attorney strenuously urged the lack of reasonable time, but without avail.

The liability of municipalities of this State, for injuries caused by failure or neglect to repair sidewalks and streets is created by statute, 1 Comp. Laws 1929, § 4223, and see 13 Michigan State Bar Journal, 165. Plaintiff submitted testimony showing that the defect complained of had existed for a period of 30 days or longer, consequently the city is conclusively presumed to have had notice thereof and a reasonable time in which to repair the same. *Wilkinson* v. *City of Grand Rapids,* 228 Mich. 120, and 1 Comp. Laws 1929, § 4228.

The city argues that the manhole cover and its seat were not in a dangerous condition and that it was not guilty of negligence; that it only became

unsafe because it was removed from time to time by boys and not properly replaced. Plaintiff showed that the concrete or stone seat had become chipped and worn and that the locking device for the iron cover was either missing or not working; that it would tilt at any time, dependent upon the nature and position of the weight placed thereon. The following language of *Weick* v. *Lander,* 75 Ill. 93, was quoted with approval in *Brown* v. *City of St. Johns,* 187 Mich. 641 (14 N. C. C. A. 440):

"If I am guilty of negligence in leaving anything dangerous in a place where I know it to be extremely probable that some other person will unjustifiably set it in motion to the injury of a third, and if that injury shall be so brought about, I presume that the sufferer might have redress by action against both or either of the two, but unquestionably against the first."

The issue of negligence as here developed, raised a conflicting question of fact for the determination of the court, who sat without a jury, and we are content with such determination as well as that pertaining to plaintiff's freedom from contributory negligence.

The negligence of the city in failing to keep the manhole cover in repair was the immediate and proximate cause of plaintiff's injury and the evidence justifies the findings of fact. See *Jablonski* v. *City of Bay City,* 248 Mich. 306, and annotations in 59 A. L. R. 387, 61 A. L. R. 267.

The judgment is affirmed, with costs.

NORTH, C. J., and FEAD, WIEST, BUTZEL, EDWARD M. SHARPE, and POTTER, JJ., concurred.

The late Justice NELSON SHARPE took no part in this decision.