SABLE *v.* CITY OF DETROIT.

1. MUNICIPAL CORPORATIONS—DEFECTIVE STREET—ACTION—PROXI-
   MATE CAUSE—CONTRIBUTORY NEGLIGENCE.
   The action against a municipal corporation to recover damages
   for personal injury because of a defective street is purely
   statutory, but since it is for breach of a duty owed to another
   it is trespass on the case, wherein proximate cause is involved
   and contributory negligence an interposable defense (CL 1948
   and CLS 1961, § 242.1 et seq.).

2. SAME—CARE OF STREETS.
   A municipal corporation has a duty to keep all streets within its
   jurisdiction reasonably safe for public travel (CL 1948,
   § 242.3).

REFERENCES FOR POINTS IN HEADNOTES
[1] 25 Am Jur, Highways §§ 377, 449.
[2, 4] 25 Am Jur, Highways § 56.
[3] 25 Am Jur, Highways § 440.
[5] 25 Am Jur, Highways §§ 576, 579.

3. SAME—DEFECTIVE STREET—PRESUMPTION OF NOTICE—TIME FOR REPAIR.

The existence of a defective condition in a city street for a period of 30 days or longer raises a conclusive presumption of notice on the part of the municipal corporation and a reasonable time within which to repair it (CL 1948, § 242.6).

4. SAME—DEFECTIVE STREET—FAILURE TO REPAIR—NEGLIGENCE.

The failure of a municipal corporation to repair defects in its streets within a reasonable time constitutes negligence (CL 1948, §§ 242.3, 242.6).

5. SAME—DEFECTIVE STREET—SEPARATE RECORD—EVIDENCE.

Testimony preserved in a special record showing procedures followed by city in routine maintenance of its streets, the number and size of its streets and street repair crews, and problems of maintenance and construction while attempting to keep the streets in a condition reasonably safe and fit for public travel *held*, properly rejected in action for personal injuries plaintiff sustained by reason of fall in a chuckhole 6-1/2 to 8-1/2 inches wide, 37 inches long, and 4 to 6 inches deep that had existed more than 30 days, since such proffered evidence was not relevant to issues remaining for the jury's consideration (CLS 1961, § 242.1; CL 1948, §§ 242.3, 242.6).

Appeal from Wayne; Rashid (Joseph G.), J. Submitted Division 1 February 9, 1965, at Detroit. (Docket No. 271.) Decided April 19, 1965.

Declaration by Louis Sable against City of Detroit, a municipal corporation, for injuries sustained by a fall caused by a defect in the city's street. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*Sugar & Schwartz (Leonard Schwartz,* of counsel), for plaintiff.

*Robert Reese,* Corporation Counsel, *Alfred Sawaya* and *Andrew F. Valenti,* Assistant Corporation Counsel, for defendant.

McGREGOR, J. This action was brought against the city of Detroit, under the statutory provisions of CLS 1961, § 242.1 and CL 1948, § 242.2 *et seq.* (Stat Ann 1958 Rev § 9.591 *et seq.*) to recover damages for personal injuries suffered by Louis Sable during the dark evening of December 18, 1959, resulting from a fall caused by defective conditions in the middle of a paved Detroit residential street where plaintiff Sable had lived for some years. The defect was a chuckhole 6-1/2 to 8-1/2 inches wide, 37 inches long, and approximately 4 to 6 inches deep.

Plaintiff fell while crossing the street diagonally to his home, after parking his automobile. Mr. Sable testified that he had never seen the chuckhole at any time, but his wife and a neighbor testified that this chuckhole had been in the middle of the street for some six months before the plaintiff fell. The city had no record of this defective condition in its street.

The trial court excluded from presentation to the jury testimony preserved in a special record, which was offered by the city of Detroit to show the procedures followed in routine maintenance of its streets, the number and size of its streets and street repair crews, and in general, the problems of maintenance and construction in the streets while attempting to keep the same in a condition reasonably safe and fit for public travel. After the court entered a judgment on a jury verdict for the plaintiff in the amount of $5,000, the defendant city moved for judgment *non obstante veredicto* or, in the alternative, for a new trial. The defendant brings this appeal from denial of said motion.

The plaintiff argues that such proffered evidence is immaterial and irrelevant to his statutory cause of action because he has proven the existence of the claimed defect for a period of more than 30 days

and no evidence to the contrary was offered on behalf of the city. The defendant, on the other hand, claims that the excluded evidence is relevant to show lack of neglect on its part in maintaining and repairing the city streets.

The salient statutory provisions are as follows:

"Sec. 1. Any person or persons sustaining bodily injury upon any of the public highways or streets in this State, by reason of neglect to keep such public highways or streets, and all bridges, sidewalks, crosswalks and culverts on the same in reasonable repair, and in condition reasonably safe and fit for travel by the township, village, city or corporation whose corporate authority extends over such public highway, street, bridge, sidewalk, crosswalk, or culvert, and whose duty it is to keep the same in reasonable repair, such township, village, city or corporation shall be liable to and shall pay to the person or persons so injured or disabled, and to any person suffering damages by reason of such injury, just damages, to be recovered in an action of trespass on the case before any court of competent jurisdiction." CLS 1961, § 242.1 (Stat Ann 1958 Rev § 9.591).

"Sec. 3. It is hereby made the duty of townships, villages, cities, or corporations, to keep in reasonable repair, so that they shall be reasonably safe and convenient for public travel, all public highways, streets, bridges, sidewalks, crosswalks, and culverts that are within their jurisdiction, and under their care and control, and which are open to public travel." CL 1948, § 242.3 (Stat Ann 1958 Rev § 9-.593).

"Sec. 6. * * * If the defect is caused by said highway, street, bridge, sidewalk, crosswalk or culvert becoming out of repair, it shall be conclusively presumed that the township, village or city had notice thereof and a reasonable time in which to repair the same, provided said defect has existed for

a period of 30 days or longer." (CL 1948, § 242.6 (Stat Ann 1958 Rev § 9.596).

Although this cause of action is purely statutory, it is trespass on the case, brought to recover damages for injury caused by one's breach of the duty of due care owed to another. Proximate cause is an element of such an action. *Buhler* v. *City of Detroit* (1936), 274 Mich 139. Contributory negligence is a defense. *Johnson* v. *City of Pontiac* (1936), 276 Mich 103.

Section 3 of the statute imposes a duty on municipalities to keep all streets within their jurisdiction reasonably safe for public travel. *Styles* v. *Village of Decatur* (1902), 131 Mich 443. Section 6 makes 30 days a reasonable time in which to repair defective conditions. Failure to perform a legal duty within a reasonable time is neglect. A municipality is negligent if it allows its street, for a period of 30 days, to be in a condition not reasonably safe and fit for travel.

The evidence proffered by the defendant city was properly excluded. It was not relevant to the factual issues remaining for presentation to the jury. *City of Grand Rapids* v. *Wyman* (1881), 46 Mich 516.

Judgment of the trial court is affirmed, with costs to the appellee.

LESINSKI, C. J., and WATTS, J., concurred.